## Patman *vs.* The State of Georgia.

61 379
129 548

1. Error to permit a witness for the defense to be asked, on cross-examination, concerning the particulars of a difficulty between himself and the prosecutor, he not having denied ill-feeling toward the latter.
2. Though some errors may have been committed, yet in view of the evidence, they could not have affected the final result.

Criminal law. Evidence. New trial. Before Judge HILLYER. Fulton Superior Court. October Term, 1877.

To the report contained in the decision, it is only necessary to add the following:

Defendant moved for a new trial on the following, among other grounds : (1.) Because the verdict was contrary to law and the evidence. (2.) Because the court allowed counsel for the state, on cross-examination, to inquire of the witnesses for defendant, if they had not had some difficulty with the prosecutor, and concerning the particulars of the same, defendant's counsel objecting to such evidence.

JACKSON & LUMPKIN, for plaintiff in error, cited as follows : Inquiring as to difficulty, 9 *Ga.*, 121, 124, 125 ; Code, §§3874, 3876. Other questions of evidence, 18 *Ga.*, 460, 463 ; 43 *Ga.*, 131 ; 48 *Ib.*, 116, 118; 1 Gr. Ev., §448 *et seq.;* 45 *Ga.*, 44. On the charge, Code, §4325 ; 46 *Ga.*, 159–166 ; 5 *Ib.*, 54 ; Code, §§4330, 4331, 4333 ; 18 *Ga.*, 194, 232 ; 43 *Ib.*, 88, 133 ; 13 *Ga.*, 308 ; 23 *Ib.*, 576 ; 59 *Ib.*, 63–65 ; 23 *Ib.*, 297, 304 ; 30 *Ib.*, 67, 72 ; 46 *Ib.*, 148, 151.

B. H. HILL, solicitor general, for the state, cited as follows: Ill-will of witnesses, Code, §3876 ; 9 *Ga.*, 121. Other questions of evidence, 1 Whar. Cr. L., 640. On charge, 13 *Ga.*, 508.

WARNER, Chief Justice.

The defendant was indicted for the offense of "assault with intent to murder," and upon his trial therefor was found guilty. A motion was made for a new trial on the grounds therein stated, which was overruled, and the defendant excepted. It appears that the prosecutor and defendant were colored people, and that the defendant had disturbed the prosecutor's domestic relations by visiting his house against his wishes. One Sunday evening, about sundown, prosecu-

tor met defendant and his wife walking together on the railroad. Prosecutor went up to them and claimed his wife. Defendant said, "God damn you, I am carrying her through to-night;" then the parties commenced fighting, the prosecutor having a stick in his hand, and the defendant a razor, with which he cut the prosecutor severely. There is some conflict in the evidence as to whether the prosecutor did not strike the defendant with his stick before he advanced upon him with his razor, but assuming that the prosecutor did strike the first blow with his stick, the words used by the defendant to the prosecutor, in the presence of his wife, may have, in the opinion of the jury, constituted sufficient provocation for the battery which he received at the hands of the prosecutor, under the provisions of the 4694th section of the Code. It was error to allow the state's counsel, on cross-examination, to inquire of the defendant's witnesses, Oliver and Smith, as to the particulars of a difficulty which each one of them had had with the prosecutor, the witnesses not having denied ill-feeling toward the prosecutor. *Bishop vs. The State*, 9 *Ga.*, 121 ; *Conyers vs. Field*, decided during the present term. Although there may have been some errors committed by the court in its rulings at the trial, still, in view of the evidence contained in the record, we will not interfere and set aside the verdict of the jury and order a new trial, inasmuch as those errors most probably did not, and could not have affected the final result.

Let the judgment of the court below be affirmed.