CORBITT *vs.* McDANIEL, governor, *ex rel.* CORNELIUS.

Under the constitution and laws of this State, it is the duty of the governor to examine the returns of all elections of officers made to his department and to issue commissions ; and when he has examined such returns and determined from them that a certain person received the highest number of votes at an election, and has issued a commission to him, this is an act belonging exclusively to the executive department, and cannot be inquired into by any subsequent proceeding in the courts. Therefore, where a proceeding in the nature of a *quo warranto* was filed, alleging that the returns of the election for ordinary showed that the relator was elected to that office, and that, by mistake, when they were consolidated they gave a plurality of votes to the respondent, who had been commissioned as ordinary by the governor, the proceeding should have been dismissed on demurrer.

(*a.*) It is not decided that, in a proper proceeding, under §3203 of the code, as to matters not passed on by the governor, and which he is not required to pass upon, a *quo warranto* might not issue at the instance of one who claims an office and who has a right thereto, to inquire by what authority another exercises it ; but this is not such a proceeding.

February 26, 1887.

Officers. Governor. Elections. *Quo Warranto.* Before Judge MERSHON. Clinch County. At Chambers, July 21, 1886.

Reported in the decision.

J. P. MATTOX; G. J. HOLTON & SON; LESTER & RAVENEL, for plaintiff in error.

J. L. SWEAT; S. W. HITCH, for defendant.

BLANDFORD, Justice.

This was a proceeding filed by the governor, upon the relation of George Cornelius, against Martin L. Corbitt, in the nature of a *quo warranto*, to inquire by what right he held the office of ordinary of the county of Clinch; the latter alleging that the returns of the election for ordinary showed that he was elected to that office, and that, by mistake, when the same were consolidated, they gave a plurality of votes to Corbitt, who had been commissioned as ordinary by the governor. This proceeding was demurred to by Corbitt, and the demurrer was overruled, and this is the first exception assigned.

Under the constitution and laws of this State, it is the duty of the governor to examine the returns of all elections of officers. It is made his duty to commission; and when the governor has examined these returns made to his department, and has determined from the returns that a certain person received the highest number of votes at an election, and he issues a commission to such person, this is an act belonging exclusively to the executive department; in other words, it is but the exercise of the functions of his office of governor which he is required to exercise; and when he has so determined, this act on the part of the governor commissioning the officer cannot be inquired into by any subsequent proceedings in the courts. The allegations of the relator being that by the returns he was elected ordinary, and the governor having decided that by the returns he was not so elected, and having given the commission to his adversary, this is final, under section 60 of the code; and whatever rights the relator may have had, they are foreclosed by this act of the governor, so far as the governor did act upon the returns. As this proceeding stands, it is but a bare attempt to undo and reverse the decision of the governor. We do not say that, in a proper proceeding, under section 3203 of the code, as to matters not passed upon by the governor, and which he is

not required to pass upon, a *quo warranto* might not issue to inquire by what authority one exercises an office, at the instance of one who claims the office and who has a right to have the same; but this is not such a proceeding, and we think, therefore, that the court erred in not sustaining the demurrer and dismissing the proceeding.

Judgment reversed.