DALLIS *et al. v.* GRIFFIN *et al.*

1. No man has a vested right to an office created by the legislature. That body may " legislate him out" of such office at its will.

2. The act approved December 18, 1902 (Acts 1902, p. 487), amending the act establishing a dispensary for the City of LaGrange, is not violative of that section of the constitution which prohibits special legislation in cases for which provision has been made by an existing general law.

3. The repealing clause of the amendatory act referred to in the preceding headnote is sufficiently broad to cover that section of the original act which makes municipal or county officers ineligible to serve as dispensary commissioners, though no other mention is made of such section in the amendatory act.

4. An act amending a former act of the legislature is not unconstitutional as containing matter different from that expressed in its title, when the title of the amending act sets out the title of the act to be amended, and the enacting portion of the law contains nothing that is not germane as an amendment to the act the title of which is thus recited.

5. The act approved December 3, 1901 (Acts 1901, p. 506), provided for the establishment of a dispensary in the City of LaGrange after the ratification of its terms by the people of that city, and for the appointment, by the judge of the superior court of the Coweta circuit, of commissioners who should have control of the dispensary. The act of 1902, referred to in the second head-

note, provided, by substitution of language for that used in the original act, that certain municipal and county officers should be ex=officio dispensary commissioners. *Held :* The amending act is not invalid because of its never having been submitted to a vote of the people, a correct interpretation of the same not so requiring.

Argued February 21,—Decided March 17, 1903.

Quo warranto. Before Judge Roan. Troup superior court. January 24, 1903.

*F. M. Longley*, for plaintiffs in error.
*W. G. Park* and *T. A. Atkinson, solicitor-general,* contra.

CANDLER, J. By an act approved December 3, 1901, the Georgia legislature provided for the establishment of a dispensary in the City of LaGrange after due ratification by the people of that city of the terms of the act. Acts 1901, p. 506. The act prescribed that the control of the dispensary should be vested in three commissioners to be appointed for specified terms of office by the judge of the superior courts of the Coweta circuit, and that no person holding any office or position of any kind under the charter or ordinances of the City of LaGrange, or the county officers of Troup county, should be eligible to be chosen as dispensary commissioner during the time for which he was appointed to such office or position. The provisions of the act were adopted by the people at the polls, and the plaintiffs in error were appointed dispensary commissioners in accordance with its terms, and entered upon the discharge of their duties. Before the expiration of the term of office of any of the dispensary commissioners, the succeeding legislature enacted a law the title of which is as follows: "An act to amend an act entitled an act to establish a dispensary in the City of LaGrange, and to provide for the sale of vinous, malt, and spirituous liquors and other intoxicants, and to establish and perpetuate a board of commissioners for the management of said dispensary, to provide for the regulation and control of same, approved December 3, 1901, and for other purposes." Acts 1902, p. 487. The amending law so changes the first section of the original act as to make it read as follows: " Be it enacted by the General Assembly of the State of Georgia, that when this act shall have been ratified by the qualified voters of the City of LaGrange, as hereinafter provided, the chairman of the board of roads and revenues of the County of Troup, the mayor of LaGrange, and the ordinary of

Troup county shall compose the board of dispensary commissioners for the LaGrange dispensary." Section 2 of the amending act provides that its operations shall not go into effect until January 1, 1903 ; and section 3 repeals conflicting laws.  On January 2, 1903, the defendants in error, as the newly-constituted board of dispensary commissioners, attempted to take charge of the dispensary, but were prevented from so doing by the plaintiffs in error.· They then brought quo warranto proceedings, on the hearing of which the court below rendered judgment in their favor, requiring the original dispensary commissioners to turn over the dispensary to them.  By a bill of exceptions to that judgment the case was brought before this .court for review, the question for determination being whether, for any of the reasons assigned, the amending act of 1902 is or is not unconstitutional.

1.  It is well settled law that no man has a vested right to an office created by the legislature.  That body may abolish or modify an office which it has established, may shorten or lengthen the term prescribed for the officer who is to hold it, or may decrease or increase the salary attached thereto.  So firmly fixed is this principle that extended discussion of it is unnecessary.  See *Collins* v. *Russell,* 107 *Ga.* 426, and cases cited.

2. It is, however, contended by counsel for the plaintiffs in error that the amendatory act is unconstitutional as contravening the constitutional provision that no special law shall be enacted in any case for which provision has been made by an existing general law, the "existing general law" alleged to be applicable in this case being section 224 of the Political Code, which was designed to prevent any person from holding more than one county office at a time. It is a sufficient answer to this contention, that the very section that is invoked especially recognizes the power of the General Assembly to render one holding a county office eligible for election to another county office, and especially excepts from its operation cases where such special enactment shall be made.

3. It is also contended that the amendatory act is invalid because it only attempts to change the first section of the act creating the dispensary, and leaves in full force the section of the original act which expressly renders ineligible for the office of dispensary commissioner any municipal officer of the City of LaGrange and any county officer of Troup county.   ·This does not render the act in-

valid, for the last section of the act expressly repeals all laws or parts of laws in conflict therewith; and necessarily, therefore, the section of the original act which made city and county officers ineligible to the office of dispensary commissioner became inoperative from the time of the adoption of the amending act.

4. It can not be said, as contended by counsel for the plaintiffs in error, that, within the meaning of the constitution, the amending act contains matter different from that expressed in its title. " It is well settled in this State that a title ' to amend an act entitled an act' (describing by title only an existing law) is sufficient to cover any legislation which is germane as an amendment to the act the title of which is thus recited; that is to say, that when the title puts every one on notice that a certain act is to be amended, this is sufficient for every one who may be affected to be on their guard as to all matters connected with the subject-matter of the act which is recited in the title." *Newman* v. *State,* 101 *Ga.* 538, and cit.; *Plumb* v. *Christie,* 103 *Ga.* 700.

5. The only remaining question to be disposed of is that raised by the assignment of error which complains that "the act under which relators claim must and does prescribe only for future operations; the act as amended prescribes that when the same shall have been ratified by the qualified voters of the City of LaGrange, then relators shall constitute the board of dispensary commissioners; and no election having been held under said act, it is inoperative." The purpose of the original act was clearly to submit to the people of the City of LaGrange the question whether or not a dispensary should be established for that city, and to provide for its establishment in the event of the adoption by them of the terms of the act. It will not be controverted that the General Assembly might well have established a dispensary without submitting the question to the people, and that such action would have been entirely legal. The original act provided that the question of its ratification should be submitted to a vote of the people within twenty days after its passage. It is plain that the object of the amendatory act was merely to change the provision as to the management of the dispensary, by taking it out of the hands of the commissioners originally provided for, and placing it in charge of the ordinary of Troup county, the mayor of LaGrange, and the chairman of the board of commissioners for Troup county. There was manifestly no inten-

tion to submit this amendment to a vote of the people ; and the fact that the law as amended apparently provides for an election at a time that has already passed will not be held to defeat the plain purpose of the amendment to alter the provision previously made as to the control of the dispensary.

The foregoing disposes of every question made by the bill of exceptions, of sufficient importance to require discussion here. It follows that the judgment of the court below will be

*Affirmed. By five Justices.*