### McCANTS, tax-collector, *v.* LAYFIELD, treasurer.

1. Section two of the act of the General Assembly approved July 31, 1918
(Acts 1918, p. 505), which provides "that T. F. Layfield be and he is
hereby named treasurer of Taylor County, to hold said office of treasurer
until the next general election of county officers," etc., is unconstitu-
tional and void, because it is in conflict with art. 1, sec. 4, par. 1, of the
constitution of Georgia (Civil Code, § 6391), which provides that "Laws
of a general nature shall have uniform operation throughout the State,
and no special law shall be enacted in any case for which provision has

been made by an existing general law," there being, at the time said act was approved by the Governor, existing laws of a general nature, of uniform operation throughout the State, providing for the election of county treasurers and for the filling of vacancies in the office of county treasurer.

2. Where a mandamus proceeding is instituted by one claiming the office of county treasurer, for the purpose of compelling the county tax-collector to pay over the county funds in his hands arising from taxation, the tax-collector may defensively set up the unconstitutionality of the act naming the petitioner as treasurer of the county. He is entitled to an adjudication of that question, and is not required to bring quo warranto for the purpose of enquiring into the title of the person claiming the office of county treasurer.

3. A commission issued by the Governor of the State is prima facie evidence of title to the office in the person named therein; but it is not conclusive in cases where the Governor, in issuing the commission, has acted only in a ministerial capacity.

4. The judgment of the court ordering mandamus absolute to issue against the tax-collector of Taylor County, and requiring him to turn over to T. F. Layfield, as treasurer of Taylor County, the public funds arising from the payment of taxes, was erroneous.

No. 1294.     July 16, 1919.

Mandamus.     Before Judge Howard.     Taylor superior court. December 24, 1918.

The General Assembly of Georgia, by an act approved July 31, 1918, repealed a former act (Acts 1916, p. 504) approved August 17, 1916, abolishing the office of county treasurer of Taylor County. The second section of the act of 1918 provided "that T. F. Layfield be and he is hereby named treasurer of Taylor County, to hold said office of treasurer until the next general election of county officers, upon his making such bond as required of county treasurer under the general law of Georgia." A commission was issued to T. F. Layfield as treasurer of Taylor County, by the Governor. A few days thereafter T. F. Layfield demanded of the tax-collector of Taylor County the tax moneys he had collected for said county. The demand was repeated during the next month, which demands were refused by the tax-collector. Although the tax-collector had collected large sums of money due said county, he refused to pay the same over to Layfield as treasurer; whereupon Layfield, as treasurer of Taylor County, filed a petition against J. J. McCants Jr., tax-collector, showing the foregoing facts and praying that a mandamus nisi issue, requiring the tax-collector to show cause why a mandamus absolute should not issue, requiring him to pay to the petitioner all moneys collected for taxes due said county; and

that a mandamus absolute issue, requiring the defendant to pay over to petitioner all such taxes. The defendant demurred and answered. His refusal to pay over the sums of money collected for taxes due the county was based on the contention that the act of July 31, 1918, was unconstitutional and void in so far as it undertook to name T. F. Layfield as treasurer of the county, the same being in conflict with art. 1, sec. 4, par. 1, of the constitution of Georgia (Civil Code, § 6391), which provides that "no special law shall be enacted in any case for which provision has been made by an existing general law," in that there were in force, at the time of the enactment of the act of 1918 under which petitioner claims to have been named treasurer of Taylor County, general laws (Civil Code, §§ 564, 567, 4881, 4796 (5) ), providing for the election of county treasurers in this State by the qualified voters of their respective counties, and how a vacancy in said office shall be filled; and further upon the ground that the act of July 31, 1918, purporting to fill a vacancy in the office of county treasurer, is contrary to the provisions of § 6599 of the Civil Code, which in part provides: "The county officers shall be elected by the qualified voters of their respective counties or districts, and shall hold their offices for two years;" and is also contrary to § 564, which provides: "County treasurers are elected by the qualified voters of their respective counties; and hold their offices for two years and until their successors are elected and qualified;" also to § 4881, which provides: "If a vacancy occurs (or will shortly), the ordinary of the county shall give notice in one or more of the public gazettes of said county (if any), and at the court-house, and at three or more of the most public places of said county, twenty days previously to the day of election, which shall be appointed by him;" and to § 4796 (5), which provides: "The ordinary, when sitting for county purposes, has original and exclusive jurisdiction over the following subject-matters, to wit: . . 5. In supplying, by appointment, all vacancies in county offices, and in ordering elections to fill them."

The issue was submitted to the judge; and on the hearing the evidence showed that Layfield gave the required bond, which was approved by the ordinary on September 30, 1918, and on the same day took the oath of office "as county treasurer" in the terms prescribed by § 570 of the Civil Code. The court rendered judgment

making absolute the mandamus nisi, and requiring the tax-collector of the county to surrender and turn over to T. F. Layfield, as treasurer of Taylor County, taxes collected by him for said county up to and including the date of the judgment, and such other taxes as may be collected as such officer. The tax-collector excepted.

*George C. Palmer* and *H. P. Wallace,* for plaintiff in error.

*C. W. Foy,* contra.

GILBERT, J. 1. Section 2 of the act of the General Assembly approved July 31, 1918 (Acts 1918, p. 505), is unconstitutional and inoperative, because it is in conflict with art. 1, sec. 4, par. 1, of the constitution (Civil Code, § 6391), which provides: "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law." When the act of 1918 was approved there were valid laws of general nature, of uniform operation throughout the State, providing for the election of county treasurers and for the filling of vacancies in the office of county treasurer. Civil Code, §§ 564, 567, 4881, 4796 (5), 6599, 6600. The moment that the act of the General Assembly of 1918 was approved by the Governor the former act of 1916, which abolished the office of county treasurer of Taylor County, was repealed, and the office of county treasurer of Taylor County was restored and became subject to all of the laws of the State which were applicable to county treasurers of all other counties.

The general rule is that where an act of the General Assembly which repeals any part or parts of a prior statute upon the same general subject is itself repealed, such repeal operates to restore to efficacy as law the provision or provisions of the prior repealed statute. The contrary would be true where the statute repeals absolutely a prior existing law, and substitutes for it another scheme of legislation which undertakes to deal with the whole subject to which the prior statute relates. *Butner* v. *Boifeuillet,* 100 *Ga.* 748, 749 (28 S. E. 464). The repealing act of 1918 not only fails to deal with the subject by providing for some other and different method of handling the funds of the county, but in totidem verbis restores the office of county treasurer as it existed prior to the approval of the act of August 17th, 1916. The caption of the act of 1918 declares: "and providing for the handling of county funds of Taylor County, by a treasurer, as before the office of treas-

urer was abolished." The third section of the act of 1918 specifically provides that the general law of Georgia governing county treasurers be the law governing the county treasurer of Taylor County. Seeking to avoid the force and effect of the constitution in regard to uniformity as provided in the Civil Code, § 6391, the defendant in error insists that he was "named treasurer of Taylor county" and that the provisions found in the code as to the election and filling vacancies in the office of "county treasurer" are not applicable. In other words, that the office of "treasurer of Taylor County" is not the same as that of "county treasurer of Taylor County." This position is wholly untenable. It should only be necessary to point out the fact that the defendant in error took the identical oath of office prescribed in the code for county treasurers, and on the trial of this case introduced the same in evidence as a necessary link in his claim to the funds of the county pertaining to the office of county treasurer. "Identity or similarity of name is not conclusive as to whether the office is identical with that provided by general law, but reference will be had to the duties required of such an officer." *Richter* v. *Board of Education,* 149 *Ga.* 32 (99 S. E. 28). The duties which the act sought to require of the defendant in error are identical with those provided under general law for county treasurers, and therefore it must follow that it was the intention of the General Assembly to name T. F. Layfield to the office of county treasurer of Taylor county. If such was not the case, then the only other view is that no office whatever was created by the act of 1918. In the latter case the legislature named Layfield to an office without existence.

The defendant in error contends that since the amendment of 1914 to the constitution, authorizing the General Assembly to abolish the office of county treasurer, such office is not a constitutional office, and therefore that the General Assembly has complete authority to legislate in regard thereto without restriction. In support of that contention the following cases are cited: *Collins* v. *Russell,* 107 *Ga.* 423 (33 S. E. 444); *Mayor &c. of Americus* v. *Perry,* 114 *Ga.* 871 (4), 881 (40 S. E. 1004, 57 L. R. A. 230); *Dallis* v. *Griffin,* 117 *Ga.* 408 (43 S. E. 758). These cases are not in point, nor do they furnish authority for the contention made. Neither of them involved a state of facts where the legislature sought to deal by special legislation with a subject already covered

by a general law of uniform operation throughout the State. In *Collins* v. *Russell* the legislation had reference to shortening the term of office of the clerk and sheriff of the city court of Savannah, and there was no contention that it was in violation of the uniformity clause of the constitution. In *Mayor &c. of Americus* v. *Perry* the legislation in question had reference to the naming of a board of police commissioners for the City of Americus, and there was no attack upon this act on the ground that it was in conflict with the uniformity clause of the constitution. The case of *Dallis* v. *Griffin* had reference to the naming of commissioners of a dispensary in the City of LaGrange, legislating out the members of the board then holding the offices. Obviously the attack upon this legislation was not upon the ground that it was in conflict with the uniformity clause of the constitution. In all of these cases the principle was recognized that no man has a vested right to an office created by the legislature, and that the General Assembly may legislate him out or shorten his term of such office at its will; but in none of them was it suggested that the provision of the constitution relative to a general law of uniform operation throughout the State could be ignored or varied by special law. In all such cases it is either specifically stated that the General Assembly is free to legislate where there is no constitutional restriction, or else it is assumed that this provision of the constitution is so well known and understood that the qualification need not be stated. Thus in *Collins* v. *Russell,* 107 *Ga.* 426 (supra), it was said: "There can be no question about the proposition that the legislative power of the State is absolute with respect to all offices that it creates, where no constitutional restriction is placed upon its power with reference to such offices." Similar language is found in the fourth headnote to the case of *Mayor &c. of Americus* v. *Perry,* supra. Under the constitutional amendment authorizing the abolition of the office of county treasurer, the General Assembly may at will abolish any and all of these offices, and likewise may restore any or all. They may make any other provision in regard to them except by the passage of a special law applicable to one or less than the whole, with respect to which there is no general law having uniform operation throughout the State.

2. While the brief of the defendant in error makes no reference to the right of the respondent to defend on constitutional grounds

by demurrer rather than by quo warranto, this question has not been overlooked. If the tax-collector, respondent in the mandamus proceeding, had desired to initiate a proceeding to test the title of the person named as treasurer to the office, unquestionably quo warranto would have been his proper and exclusive remedy. This, however, was not the case. The litigation was begun by the defendant in error for the sole purpose of requiring the tax-collector to pay over to him the county funds derived from taxation. Under the statute the tax-collector is required to pay these funds "into the county treasury." Civil Code, § 1215. When a proceeding is instituted against the tax-collector for the purpose of gaining possession of public funds in his official possession, and he has reason bona fide to believe that the person seeking to obtain the funds is not entitled to receive them, his plain duty would be to obtain an authoritative adjudication of the question in order to protect himself and his bondsmen. In such a case the method of procedure is not left to the choice of the tax-collector, but on the contrary it has been chosen by his adversary, appropriate to the purposes of the latter. If the tax-collector must institute quo warranto proceedings while the mandamus is pending, this would compel two lawsuits instead of one. In the meantime, while the quo warranto proceeding is pursuing its ordinary course to a final decision, the mandamus proceeding may have been concluded adversely to the tax-collector because of his inability to assert his defenses, and a judgment may have been rendered requiring him to pay over the funds in question. The quo warranto proceeding may then be subsequently concluded favorably to the tax-collector, thus bringing about conflicting judgments by reason of the inability of the tax-collector to make his defenses in the mandamus proceeding instead of the separate proceeding by way of quo warranto. Manifestly the logical, direct, economical, and expeditious method is in favor of permitting the tax-collector to obtain an adjudication of the issue by pleading it defensively in response to the mandamus proceeding instituted against him. In the case of *Herrington* v. *State,* 103 *Ga.* 318 (29 S. E. 931, 68 Am. St. R. 95), it was held that "the law recognizes no one even as an officer de facto who fills an alleged public office that has no existence under any constitutional provision or by virtue of any color of legislative enactment." In the opinion the following is quoted with approval from Norton

*v.* Shelby County, 118 U. S. 425, 441, 449 (6 Sup. Ct. 1121, 30 L. ed. 178) : "An unconstitutional act is not a law; it confers no rights; it imposes no duties; it affords no protection; it creates no office; it is in legal contemplation as inoperative as though it had never been passed." Constantineau on De Facto Doctrine, § 34 et seq. The case of *Clark* v. *Reynolds*, 136 *Ga.* 817 (72 S. E. 254), was a mandamus proceeding brought by the solicitor-general of the Augusta judicial circuit, to require the county treasurer to pay over to him certain funds claimed to be due him under an act of the General Assembly. One of the defenses raised by the answer of the respondent was that the alleged legislative act under which the solicitor-general claimed the right to the funds was violative of the constitution of the State of Georgia and of the fourteenth amendment to the constitution of the United States. The title of the relator to the office of solicitor-general was not questioned. In this particular the case is not on all fours with the case now under consideration. In the case under consideration it is claimed that the portion of the act of the General Assembly naming Layfield as county treasurer is unconstitutional, and that neither Layfield nor any other person is entitled to hold the office, to perform its duties, or to accept the emoluments thereof, until the office has been filled according to a method agreeable to the constitution of Georgia. Attention is called to the case cited simply because it was a mandamus proceeding seeking to require the payment of public funds by the county treasurer to a public officer by virtue of a statute of the General Assembly deemed by the treasurer to be unconstitutional. This court considered the issue raised as to the constitutionality of the statute, and rendered a decision thereon.

After an elaborate and excellent discussion of the various rules obtaining in different jurisdictions, and after noting that the rules applied have not been uniform as to the right of a respondent in a mandamus proceeding to set up the unconstitutionality of a statute, it is said in 18 R. C. L. 112, § 24: "The better rule, however, seems to be that though all ministerial officers may not be permitted to raise the question as to the constitutionality of a statute imposing upon them the duty sought to be enforced, yet where it is sought to compel State officers, charged with the general duty of keeping and disbursing the funds, to comply with a statute providing for a disbursement thereof, such officers may raise the question of the

constitutionality of the particular statute providing for the distribution sought to be coerced." See Payne *v*. Stanton, 55 W. Va. 202 (46 S. E. 927, 2 Ann. Cas. 74, and notes) ; New Orleans Canal & Banking Co. *v*. Heard, 47 La. Ann. 1679 (18 So. 746, 47 L. R. A. 512, and notes) ; State of Utah ex rel. University of Utah *v*. Candland, 36 Utah, 406 (104 Pac. 285, 24 L. R. A. (N. S.) 1260, 140 Am. St. R. 834).

3. It is true that the plaintiff, on the trial of the case, introduced in evidence a commission issued to him by the Governor of the State. This commission is prima facie evidence that he is the duly qualified county treasurer and entitled to receive all funds which the law requires to be paid over to such officer. It is not conclusive. In some cases where the Governor is invested with a discretion or is required under the law to decide who has the title to a public office, his decision is conclusive and his commission is final. Such, however, is not the case where the Governor acts in a ministerial capacity. It has been uniformly held by this court that a mere ministerial act of the Governor in issuing a commission is not final, and that it is competent for the judiciary to go behind the commission and to inquire into the right of the person so commissioned to exercise the functions of the office. In the case of *Low* v. *Towns,* 8 *Ga.* 360 (2), 367, it is said in the opinion that "The tenure by which the office is held does not depend upon the commission which the Governor may think proper to issue." The opinion in this case was delivered by Mr. Justice Warner, and it embraces an elaborate and learned discussion of the question. In the case of *Corbitt* v. *McDaniel,* 77 *Ga.* 544 (2 S. E. 692), it was said that "even when the Governor was the official to pass on the issues made in a proceeding of contest, it was held that a commission was not conclusive as to matters not passed upon by the Governor." See *Hardin* v. *Colquitt,* 63 *Ga.* 588, 595; *Ginn* v. *Linn,* 83 *Ga.* 180 (9 S. E. 784) ; *Hathcock* v. *McGouirk,* 119 *Ga.* 973 (47 S. E. 563).

4. The judgment ordering the mandamus absolute, requiring the tax-collector of Taylor County to turn over to T. F. Layfield, as treasurer of Taylor County, the public funds arising from the payment of taxes, was erroneous.

*Judgment reversed. All the Justices concur, except Atkinson and George, JJ., dissenting.*