DeGRAFFENREID *v.* ALLEN.

No. 7820. FEBRUARY 17, 1931.

*Pottle, Hardwick, Farkas & Cobb,* for plaintiff in error.

*S. B. Lippitt* and *DeLacey Allen,* contra.

BECK, P. J. (After stating the foregoing facts.) The facts essential to make out the complainant's case as alleged in the petition were established by the evidence introduced and the admissions in the answer. It is provided in § 4649 of the Civil Code: "Commissioned notaries public, not to exceed one for each militia district, may be appointed by the judges of the superior courts in their respective circuits, upon recommendation of the grand juries of the several counties. They shall be commissioned by the Governor for the term of four years, and shall be ex-officio justices of the peace, and shall be removable on conviction for malpractice in office." In § 4650 it is declared: "The Governor shall not issue a commission to any notary public and ex-officio justice of the peace, unless it shall appear from the order of appointment that such appointment was made at the term of the court next preceding the vacancy, or at some succeeding term after such vacancy has occurred." In view of the facts established by the record, the commission issued on September 23, 1926, to the respondent by the then Governor of Georgia was ineffectual to vest in the person named in the commission the title to the office in question, in the face of a valid order subsequently passed by the judge of the superior court in pursuance of a recommendation by the grand jury regularly made, and upon which a commission was issued by the Governor in pursuance of the statute. As appears from the record, there was no order of the judge of the superior court appointing DeGraffenreid in September, 1926, upon which the commission of the Governor could be based. No such order appears in the record, and no attempt was made to establish one or prove that one had ever been in existence. The certificate of the deputy clerk of the suprior court of Dougherty County was as follows:

"Office of the Clerk of Superior Court, Dougherty County, Georgia. The term of office of Judge J. R. DeGraffenreid, Justice of the Peace of the 945th District, having expired, we have elected him to succeed himself as Justice of the Peace and Ex-Officio Notary

Public of this district for a term of four years." "Georgia, Dougherty County. I, Howard Clark, Deputy Clerk of Superior Court, do hereby certify that the foregoing is a true copy of a paragraph taken from the General Presentments of the Dougherty County Grand Jury, March Term, 1926, and same is recorded in Minute Book A-2, page 109, of the minutes of said court. Witness my hand and official seal this the 24th day of May, 1926. Howard Clark. Deputy Clerk of the Superior Court."

The entire record being considered, the judge of the trial court was authorized to conclude that there had been no order of appointment of DeGraffenreid, in pursuance of the recommendation by the grand jury to which this certificate of the deputy clerk last quoted refers. The appointment of a notary public and ex-officio justice of the peace is, under the law, to be made by a judge of the superior court, and until that appointment by the judge "the Governor shall not issue a commission to any notary public and ex-officio justice of the peace;" and it must also appear that to authorize the issuance of a commission by the Governor the order of appointment itself must show that the appointment was made at a term of court authorized by law. The commission issued by the Governor to DeGraffenreid, which we have held to be ineffectual to vest DeGraffenreid with title to the office, while prima facie evidence of title to the office, is not conclusive. In issuing this commission the Governor acted in a ministerial capacity. The issuance of a commission by the Governor is an act that follows necessarily upon a certificate from the clerk of the superior court, showing an order of appointment to the office in question by the judge of the superior court and the presentments of the grand jury in pursuance of which the appointment was made. In *McCants* v. *Layfield*, 149 *Ga.* 232 (99 S. E. 877), it was said: "It is true that the plaintiff, on the trial of the case, introduced in evidence a commission issued to him by the Governor of the State. This commission is prima facie evidence that he is the duly qualified county treasurer and entitled to receive all funds which the law requires to be paid over to such officer. It is not conclusive. In some cases where the Governor is invested with a discretion or is required under the law to decide who has the title to a public office, his decision is conclusive and his commission is final. Such, however, is not the case where the Governor acts in a ministerial capacity. It has been

uniformly held by this court that a mere ministerial act of the Governor in issuing a commission is not final, and that it is competent for the judiciary to go behind the commission and to inquire into the right of the person so commissioned to exercise the functions of the office. In the case of *Low* v. *Towns,* 8 *Ga.* 360 (2), 367, it is said in the opinion that 'The tenure by which the office is held does not depend upon the commission which the Governor may think proper to issue.' The opinion in this case was delivered by Mr. Justice Warner, and it embraces an elaborate and learned discussion of the question. In the case of *Corbitt* v. *McDaniel,* 77 *Ga.* 544 (2 S. E. 692), it was said that 'even when the Governor was the official to pass on the issues made in a proceeding of contest, it was held that a commission was not conclusive as to matters not passed upon by the Governor.' See *Hardin* v. *Colquitt,* 63 *Ga.* 588, 595; *Ginn* v. *Linn,* 83 *Ga.* 180 (9 S. E. 784); *Hathcock* v. *McGouirk,* 119 *Ga.* 973 (47 S. E. 563)." The judge of the superior court of Dougherty County passed an order appointing DeLacey Allen, the petitioner, upon recommendation made by the grand jury, and this recommendation was duly made if the last commission of DeGraffenreid issued by the Governor was invalid, as we have concluded that it was. Consequently the appointment of Allen was regular and in accordance with the law applicable to the matter involved in the quo warranto proceeding, and the Governor properly commissioned him; and the judge of the superior court properly ruled in favor of the petitioner and passed the judgment excepted to. *Overton* v. *Gandy,* 170 *Ga.* 562 (153 S. E. 520).

*Judgment affirmed. All the Justices concur.*