MATTHEWS *v.* EVERETT, Chairman, *et al.*

No. 15654. JANUARY 7, 1947.

*Walter D. Sanders* and *Miller & Head,* for plaintiff.

*Eugene Cook, Attorney-General,* and *Henry N. Payton,* for defendants.

*E. E. Andrews, Solicitor-General,* and *Durwood T. Pye,* as amici curiæ.

Bell, Justice. Love Matthews, a prisoner in the penitentiary, serving a sentence of from 8 to 12 years under the indeterminate-sentence law, filed a suit for the writ of mandamus against Edward B. Everett, as Chairman of the State Board of Pardons and Paroles, and G. C. Byars and Mrs. Helen Williams Coxon, as members, to require them to consider and pass upon an application for a parole which he had previously filed with the board, but which the board had returned to him, stating in effect that under a recent decision of the Court of Appeals (*Walker* v. *State*, 74 *Ga. App.* 48, 39 S. E. 2d, 75), the board was not authorized to release the, applicant on parole, and had no official duty to consider such application, because he had not completed service of the 8-year minimum term of the sentence imposed. The petition for mandamus, as amended, also alleged that the board had adopted a rule by which a person convicted of a felony would become eligible for "parole consideration" on serving one-third of his minimum sentence, and this statement was supported by exhibits. It was further alleged that, while the applicant had not served the entire minimum sentence of 8 years, he had served more than one-third of it, before filing his application for parole.

The petition as amended did not ask that the board be required to grant the applicant a parole, but sought only to have the board consider and pass upon his application therefor. Compare *Richmond County* v. *Steed*, 150 *Ga.* 229· (2) (103 S. E. 253); *Thomas* v. *Ragsdale*, 188 *Ga.* 238 (3) (3 S. E. 2d, 567).

The court sustained the general demurrer to the petition as amended, and the petitioner excepted.

As will be seen from the foregoing statement, the controlling question is whether, in the case of a convict who is confined in the penitentiary under sentence for a minimum and maximum term under the indeterminate-sentence law, the State Board of Pardons and Paroles has authority, in its discretion and under its rules, to grant a parole to such convict before he has served the minimum term fixed by his sentence. We think that the question should be answered in the affirmative.

An amendment to the Constitution of 1877, proposed and ratified in 1943, provided for a State Board of Pardons and Paroles, with the power among others to grant paroles. Ga. L. 1943, p. 43. The same provision was embodied in the Constitution of 1945, art. V,

sec. I, par. XI, Ga. L. 1945, p. 34. The plaintiff in error relies in part on that provision; but as we view the case, it is sufficient to consider only the statute law relating to indeterminate sentences and paroles.

By an act approved August 4, 1919 (Ga. L. 1919, p. 106), it was declared that no parole or conditional pardon shall be granted any prisoner until he shall have served at least the minimum sentence fixed *by law* as punishment for the crime of which he has been convicted. This law was later codified as section 77-503 of the Code of 1933, while § 77-504, codified from a previous act (Ga. L. 1908, p. 1115), provided that a parole might be granted on recommendation of the Prison Commission, "if the Governor approves of the said recommendation," and so reports to the Commission. The act of August 4, supra, was in force at the time of the approval of the act providing for indeterminate sentences, for the latter act, though passed during the same session, was not approved until August 18 (Ga. L. 1919, p. 387; Code, § 27-2502). Section 1 of the original indeterminate-sentence law was as follows: "Be it enacted by the General Assembly of Georgia and it is hereby enacted by authority of the same, That from and after the passage of this act that the jury in their verdict on the trial of all cases of felony not punishable by life imprisonment shall prescribe a minimum and maximum term, which shall be within the minimum and maximum prescribed by law as the punishment for said crime, and the judge in imposing the sentence shall commit said convicted person to the penitentiary in accordance with the verdict of the jury; provided that in cases of pleas of guilty, then the judge shall have the right to prescribe such minimum and maximum term as he may see fit. The Prison Commission shall fix rules by which said convict, after serving the minimum sentence, may be allowed to complete his term without the confines of the penitentiary upon complying with said rules." Note especially the last sentence, as further reference thereto will be made in this opinion.

By an act approved February 12, 1938 (Ga. L. Ex. Sess. 1937-38, p. 276), § 77-503, supra, was repealed in its entirety, and § 77-504 was amended by striking the provision as to approval of the Governor; the latter section, as amended, being in part as follows: "The Prison and Parol Commission shall have full power to fix and prescribe the rules and regulations under which application

for parole or conditional pardon shall be made and heard; but no parole shall be granted save upon the recommendation of a unanimous vote of the members of the commission and then only on the prison record of said prisoner and his history before his conviction for crime."

By an act approved February 16, 1938 (Ga. L. Ex. Sess. 1937-38, p. 326), it was provided: "Section 1. In all criminal trials, whether misdemeanor or felony, wherein the defendant does not enter a plea of guilt, the jury shall pass only on the question of the guilt or innocence of the accused; and it shall be the duty of the trial judge to fix sentence as provided by law, upon the conviction or plea of guilt of the defendant. Section 2. Before passing sentence, it shall be the duty of the trial judge to make investigation from the best available sources of the case history of the defendant, and to take the findings of said investigation into consideration in fixing and passing sentence on defendant." This act did not mention the prior indeterminate-sentence law.

By an act approved March 24, 1939 (Ga. L. 1939, p. 285), the act of February 16, 1938, sections 1 and 2 of which have just been quoted, was expressly repealed, and, besides other provisions, the following was enacted: "Section 3. That from and after the passage of this act the jury in their verdict on the trial of all cases of felonies not punishable by life imprisonment shall prescribe a minimum and maximum term, which shall be within the minimum and maximum prescribed by law as a punishment for said crime, and the judge in imposing the sentence shall commit said convicted person to the penitentiary in accordance with the verdict of the jury; provided that in cases of pleas of guilty, then the judge shall have the right to prescribe such minimum and maximum term as he may see fit."

We also have the act of February 5, 1943 (Ga. L. 1943, p. 185), providing for a State Board of Pardons and Paroles, and declaring its powers. We quote from this act as follows, although only the provisions relating to paroles are considered material in this case: "Section 11. The State Board of Pardons and Paroles shall have power to grant reprieves, pardons and paroles, to commute penalties, to remove disabilities imposed by law, and to remit any part of a sentence for offenses against the State, after conviction, except in cases of treason and impeachment, and except in cases in which

the death sentence has been imposed and the Governor refuses to suspend the execution of such death sentence to enable the board to consider and pass upon the same. . . In the cases which the board has power to consider, such board shall be charged with the duty of determining what prisoners serving sentences in the jails and prisons and public works camps of this State may be released on pardon or parole, and affixing the time and conditions thereof. . . Section 13. . . Good conduct and efficient performance of duties by a prisoner shall be considered by the board in his favor and shall merit consideration of an application for pardon or parole. . . Section 23. The board many [may] adopt and promulgate rules and regulations, not inconsistent with the provisions of this act, touching all matters herein dealt with, including, among others, the practice and procedure in matters pertaining to paroles, pardons, probations and remission of fines and forfeitures."

These are the only statutes that would seem to have any bearing whatever upon the present case. From this summary, it appears that the first law providing for indeterminate sentences in this State was enacted in 1919, which remained in force without change until February 16, 1938, but that on the latter date another law was enacted, which repealed, either wholly or in substantial part, the act of 1919; also that such repealing act was itself expressly repealed in 1939. In addition, the act of 1939 contained certain express provisions as to indeterminate sentences, in substantially the same language as the original act. See section 3, quoted supra.

It also appears that at the time the first indeterminate-sentence law was enacted, there was already in existence and of force another law, which provided that no parole should be granted to any prisoner until he had served the minimum sentence prescribed by law. Code, § 77-503, supra; Ga. L. 1919, 106.

It further appears that on February 12, 1938 (Ga. L. Ex. Sess. 1937-38, p. 276), while the original indeterminate-sentence law was still of force, § 77-503, containing the stated limitation as to time, was repealed; also that, by the same act of February 12, the Prison and Parole Commission was authorized to grant paroles without approval of the Governor.

As shown above, the following clause appeared in the original indeterminate-sentence act of 1919: "The Prison Commission shall fix rules by which said convict, after serving the minimum sentence,

may be allowed to complete his term without the confines of the penitentiary upon complying with said rules." This provision does not expressly appear in any subsequent statute. The Court of Appeals held in the *Walker* case, supra, that although it was repealed by the act of February 16, 1938, it was restored, as a part of the indeterminate-sentence law, by the act of 1939. Whether or not it was so repealed, we agree with the Court of Appeals that it is now a part of the indeterminate-sentence law of this State. See *Walker* v. *State,* supra, and cases there cited. However, we are inclined to a different view from that expressed by the Court of Appeals as to the proper construction of such clause or provision.

The minimum sentence fixed by the verdict could never be less than the minimum prescribed by law for the particular crime, but it could be more. We do not think that the clause just quoted could properly be taken as absolutely barring a parole before the minimum term as fixed by the sentence had been served. The clause does not say in terms that the prisoner must serve the entire minimum sentence, but merely declares that the Prison Commission shall fix rules by which he may be paroled after the service of such term, upon complying with such rules. Being a criminal statute, it must be construed strictly against the State and liberally in favor of the prisoner, within reason. *Wood* v. *State,* 68 *Ga. App.* 43 (21 S. E. 2d, 915). Considering the provision in the light of this rule, we do not think that it was intended to deal in any manner with the question as to whether the commission might in its discretion grant a parole before service of the entire minimum sentence. The latter question would depend upon other laws, and, as we have seen, there was a limitation as to time under the act of August 4, 1919 (Code, § 77-503), but that limitation was removed by the act of February 12, 1938. Accordingly, it is our opinion that after passage and approval of the last mentioned act, the pertinent statutes, construed together, made it mandatory upon the commission to prescribe rules by which a convict may be granted a parole after serving his minimum sentence, but did not prevent the grant of a parole, under appropriate rules and as a matter of discretion, before completion of such minimum term or any particular part thereof.

If it should be considered that the State Board of Pardons and Paroles derives its authority, so far as the statute law is concerned,

solely from the act of 1943, and that all previous statutes relating to paroles, other than the indeterminate-sentence law, were superseded thereby, yet the authority of the board under that act (1943) is unquestionably as great as it would be if measured by the terms of any previous statute; and therefore, whether in deciding this case we should consider only the act of 1943 and the indeterminate-sentence law, or should consider also and in connection therewith the other statutes to which we have referred, we are convinced that the State Board of Pardons and Paroles was authorized to provide by rule that it will consider an application for a parole at any time after a convict has served as much as one-third of his minimum sentence; also that it would be authorized under such a rule to grant a meritorious application without requiring the convict to serve the minimum term as fixed by his indeterminate sentence.

With all deference, therefore, we are constrained to a different conclusion from that reached by the Court of Appeals in *Walker* v. *State,* supra.

Attorneys appearing by brief, as amici curiæ, have called our attention to a decision by the Supreme Court of Arizona, holding that under the law of that State a person confined in prison under an indeterminate sentence was not entitled to apply for a parole until he had served the minimum term. Murphy *v.* Superior Court, 30 Ariz. 332 (246 Pac. 1033, 47 A. L. R. 401). As shown in that decision, however, the statute of Arizona is materially different from the Georgia statute, in that it contains certain express limitations upon the right of the prisoner and the authority of the board, which do not appear in the Georgia law. Referring to these provisions, the court stated that they "very definitely and plainly [refuse] permission to any prisoner serving an indeterminate sentence the right to apply for a release on parole until he has served the minimum of his sentence, and the board is prohibited from entertaining any other form of application or petition." Accordingly, we do not regard the Arizona decision as being applicable in the instant case.

From what has been said, the superior court erred in sustaining the general demurrer and dismissing the petition for mandamus.

*Judgment reversed. All the Justices concur.*