## 22694. COX v. THE STATE.

DECIDED DECEMBER 24, 1932.

*M. M. Holloway, H. A. Allen, J. O. Ewing,* for plaintiff in error.
*John A. Boykin,* solicitor-general, *J. W. LeCraw, E. A. Stephens,* contra.

MacINTYRE, J. The special presentment in this case charges George Cox with committing robbery by force and intimidation. The jury found the defendant guilty of "robbery by intimidation" and fixed his punishment at from eight to ten years.

The gist of the State's case appears from the testimony of the witness W. A. McDaniel. McDaniel testified, in substance, that he was driving a certain automobile laundry-truck; that at about 5:30 o'clock p. m. on February 23, 1932, near the corner of Alexander and Venable streets, two men approached him and one of them said that if witness would go with him to a house he would get him a package of laundry to be done up; that witness stepped back into the delivery truck, and a man "put a pistol on him" and said: "Let us have it;" that witness remained still and the man "with the gun in his hand" went through witness's pockets; that

there were three of the men in all; that the defendant had a pistol in his right hand and took about $24 and a watch from witness with his left hand; that at least two of the three men had pistols; that the watch was fastened to witness's belt with a leather chain and defendant broke the chain in taking the watch; that the men then forced witness to get in the back of the truck and drove several blocks before allowing him to get out; that the truck was found later the same night somewhere in the City of Atlanta. The ownership and value of the articles taken were sufficiently proved, and the defendant was positively identified as one of the culprits. The defense interposed was alibi.

The contention under the general grounds of the motion for a new trial is that the verdict was not supported by the evidence, for the reason that if any robbery was committed, it was robbery by force, and not by intimidation. "Intimidation is to make fearful —to inspire with fear." *Long* v. *State,* 12 *Ga.* 293 (10), 320. In the case at bar the victim was held up by three men with pistols and robbed. Unquestionably the robbery was effected by a very impressive form of intimidation. The fact that in procuring the watch the leather thong attaching it to the belt was broken does not refute the fact that the robbery was by intimidation. In this connection see *Edenfield* v. *State,* 41 *Ga. App.* 252 (152 S. E. 615); *Adams* v. *State,* 43 *Ga. App.* 326 (158 S. E. 609). We hold that the verdict is supported by the evidence, and that there is no merit in the general grounds of the motion for a new trial.

The substance of the charge complained of in the only special ground is as follows: "If the defendant is guilty, he would be guilty of robbery by intimidation . . , and the rule as to intimidation is this: If the act be attended with such circumstances of terror, such threatening by words or gesture, as in common experience are likely to create an apprehension of danger and induce a man to part with his property for the safety of his person, it is a case of robbery by intimidation." The assignment of error is that the charge expressed the court's opinion as to what "had or had not been proven." There is no merit in the ground.

*Judgment affirmed. Broyles, C. J., and Hooper, J., concur.*