## THOMPSON *v.* THE STATE.

No. 16389.   October 13, 1948.

*G. P. Martin* and *Logan & Scott*, for plaintiff in error.

*Eugene Cook, Attorney-General, Hope D. Stark, Solicitor-General, J. Herbert Griggs,* and *Dan P. Winn,* contra.

DUCKWORTH, Chief Justice. (After stating the foregoing facts.) ▋ The first special ground of the motion for new trial complains of the action of the court in admitting in evidence over the defendant's objection testimony that on one occasion this defendant and the woman, who he said is his wife and in defense of whom he stated upon the trial he did the killing, and another man rented a cabin at a tourist camp, and subsequently that woman and a man, in the absence of this defendant, on two separate occasions rented and occupied a cabin at the same tourist camp, registering as man and wife. The second special ground complains because the court allowed, over objection of the defendant, the introduction of the divorce proceeding which is referred to in the statement of facts and in which this defendant was accused of living in adultery with the woman who he now says is his wife. The objections to all of this evidence were in substance upon the ground that it was irrelevant and immaterial and put the defendant's character in evidence.

It is too obvious to require extended discussion that the evidence was admissible on the issue as to whether or not the woman, in whose defense the defendant claimed to have done the slaying, was his wife. *Gillis* v. *State*, 8 *Ga. App.* 696 (70 S. E. 53). If the legal evidence on this issue relating to the conduct of the defendant reflects unfavorably upon his character, it is not thereby rendered inadmissible.

The argument is made by counsel in support of these grounds that the rule of law forbidding proof of other crimes wholly disconnected from the crime for which the accused is being tried makes the evidence inadmissible, in that it violates the law prohibiting the State from putting the character and reputation of the defendant in issue. Counsel cite *Cawthon* v. *State*, 119 *Ga.* 395 (46 S. E. 897); *Alsobrook* v. *State*, 126 *Ga.* 100 (54 S. E. 805); *Cox* v. *State*, 165 *Ga.* 145 (139 S. E. 861); *Lanier* v. *State*, 187 *Ga.* 534 (1 S. E. 2d, 405). The cases cited sustain the rule of law, but the facts here render inapplicable this rule. If there are involved in the evidence objected to other crimes of the accused, this would not render the evidence inadmissible for the purpose of disproving the contention of the accused that he killed in defense of his wife. The evidence in question tends to show that she was not his wife, and the State had the right to prove these facts which related to the conduct of the accused as bearing upon that issue. These grounds are without merit.

■ The court charged the written requests which in substance instructed the jury that, if the evidence did not disclose that the defendant had knowledge that he was not legally married to the woman whom he claimed to be his wife, and that because of legal disability she could not have contracted a marriage with him, he would nevertheless have a right to protect her, employing such force as necessary. The third special ground complains because the court followed such written requests to charge with the further charge that, to justify a killing in defense of a friend or companion and with whom the killer had no relation by blood or marriage, it must appear, (1) that the defendant was without fault, (2) that the friend or companion was without fault, or that it appeared to the accused, acting as a reasonable man under the circumstances, that such person was without fault, (3) that there existed at the time either actual or apparent facts sufficient

to cause a reasonable man to believe that there actually existed a pending necessity to act in order to save such person from a felonious assault, and (4) that there were no reasonable means for escape of the person defended. The criticism of this charge is that it restricted and qualified the requests to charge, was prejudicial and harmful because it impressed upon the jury that the defendant was not legally married, and that his killing was in defense of a friend or companion and not his wife, and that it intimated an opinion of the court that the defendant was not legally married to the woman who he said was his wife, and that it placed the defendant's character in evidence. There is no criticism of the charge upon the ground that it is an incorrect or unsound statement of the law. There is nothing in the charge that in anywise justifies any of the complaint made. This ground is without merit. Code, § 81-1104.

■ The fourth special ground of the motion complains of that portion of the charge on voluntary manslaughter directing the jury that, if they should convict the defendant of this offense, they should fix his sentence within the minimum and maximum fixed by law, and instructing the jury that, when the accused had served the minimum sentence fixed by them under the rules of the Pardon and Parole Board, he would be eligible for a parole. The criticism here is that the charge intimated that the judge desired a verdict convicting the defendant of the offense of murder, and that it sought to take away from the Pardon and Parole Board the power vested in that board by law. The charge was plainly a correct statement and explanation of the law. It neither intimated an opinion of the judge nor in anywise questioned the power of the Pardon and Parole Board. It was not error for any reason assigned.

■ Counsel strongly urge a reversal on the general grounds. They cite the Code, §§ 26-1015 and 26-1016, which authorize mutual protection of parents and children and where there are other instances standing upon the same footing of reason and justice; and based upon this law, it is contended that there was evidence to the effect that the killing was done by the defendant to protect his wife from a felonious assault that was being made upon her by the deceased. If all the evidence without exception showed this and no more, the statutes would demand a reversal,

but this evidence was contradicted by testimony of other witnesses to the effect that the deceased was doing no harm to the defendant or his wife, that he was shot in the back of the head without cause; and there was other evidence that the only attack made by the deceased was to throw one bottle after having been attacked in like manner by the wife of the defendant and perhaps others, and further evidence in this record that raised an issue of fact as to whether as a matter of fact the woman in question was the wife of the defendant. On this phase of the case the jury, and the jury alone, with the approval of the trial judge, are authorized by law to adjudicate the issue of fact; and that having been done, this court is without power to interfere. Then counsel cite § 38-110 on the subject of reasonable doubt and § 38-111, which provides that positive testimony is superior to negative testimony, and *Reynolds* v. *State*, 24 *Ga.* 427, and *Rutland* v. *State*, 46 *Ga. App.* 417 (167 S. E. 705), which hold that, where the evidence in favor of the accused is stronger than that of his guilt, he should be acquitted. Based upon these provisions of sound law counsel urge that the verdict was unauthorized in this case, and that this court should reverse the judgment which overruled the general grounds of the motion for new trial. While each principle of law cited is sound as a guide for the trial jury in properly weighing the evidence and arriving at a verdict, it is by no means authority for this court to reverse the trial court when there is in the record evidence sufficient to support the verdict. The positive evidence in this record which the jury under the law were authorized to believe is sufficient to support the verdict of guilty. The general grounds are without merit.

*Judgment affirmed. All the Justices concur, except Bell, J., absent on account of illness.*