32205. DAVIDSON, *alias* COLBERT, etc., *v.* THE STATE.

DECIDED FEBRUARY 15, 1949.

*G. P. Martin, Logan & Scott,* for plaintiff in error.

*Hope D. Stark, Solicitor-General, J. Herbert Griggs,* contra.

MacINTYRE, P. J. Gladys O. Davidson, *alias* Frances Colbert, *alias* Mrs. Owen Thompson, the defendant, was jointly indicted with Ferd Streetman and Owen Thompson, for murder. The defendant was tried separately and, subsequently to the trial of her husband who was convicted of murder with a recommendation of mercy, was found guilty of voluntary manslaughter and sentenced to from two to ten years in the penitentiary, and it is this judgment which is now under review.

The jury was authorized to find: that the defendant, Owen Thompson, and Ferd Streetman went to a roadhouse in Banks County, known as the "Street Car" on Sunday afternoon, February 1, 1948; that the defendant and her "party" went into one of the rooms in the rear of the building and ordered sandwiches and coffee and were served in that room; that the deceased, Jason Keller, known as Jake Keller, and his "party" were in a room across the hall from the defendant's party; that both parties had been drinking and the defendant was intoxicated, and the defendant and her party were having trouble with one, Clarence Pritchett, who was working at the roadhouse, serving

food; that Clarence Pritchett came out into the hall and latched from the outside the door of the room which was occupied by the defendant and her party, and that some member or members of her party had kicked or forced the door open; that the defendant came out of her room first, throwing cups and saucers at Pritchett and cursing, and that the deceased, Keller, came out into the hall between the rooms and asked the defendant to leave Pritchett alone at which time the defendant cursed Keller and told him that she would beat hell out of him, and threw a bottle at Keller, and Keller picked up a bottle and threw it at the defendant and hit the side of the door with the bottle; and that as the Keller party was just going out, Owen Thompson shot Keller in the back of the head from which wound he died.

The defendant contends that the evidence did not authorize the verdict. The jury was authorized to find that there was an unlawful enterprise which was begun by the defendant as an assault on the person of the deceased, and that Owen Thompson, who claimed to be the defendant's husband, joined in such unlawful enterprise and both Owen Thompson and the defendant were participating in such enterprise at the time such fatal shot was fired by Owen Thompson which killed the deceased. Under such circumstances, even if the defendant did not know of her husband's intention to assault the deceased with a deadly weapon, yet if she intended to participate in the unlawful attempt to injure only, with no design to kill, she would be guilty of voluntary manslaughter, and the jury so found in this case. See *Thornton* v. *State*, 119 *Ga.* 437, 440 (46 S. E. 640) ; *Daniels* v. *State*, 58 *Ga. App.* 599, 606 (199 S. E. 572). The evidence authorized the verdict.

■ The defendant also assigned as error the court's charge on the law of conspiracy. "A criminal conspiracy has been defined as 'a combination or agreement between two or more persons to do an unlawful act, and this may be established by proof of acts and conduct, as well as by direct proof or express agreement.' *Bolton* v. *State*, 21 *Ga. App.* 184, 188 (94 S. E. 95). A criminal conspiracy may be established by evidence that two or more persons, by some concerted action, combined to accomplish a criminal purpose by criminal means. Commonwealth *v.* Hunt, 4 Mass. 111 (38 Am. Dec. 346). In considering the question as

to whether the evidence authorized a charge on conspiracy, we bear in mind the following rules: (a) 'To justify a charge on a given subject, it is not necessary there should be direct evidence going to that point; it is enough if there be something from which a legitimate process of reasoning can be carried on in respect to it.' *Holland* v. *Long,* 57 *Ga.* 36, 41 (3). (b) The jury are the sole judges of the facts, and it is their privilege to draw their conclusions from the entire evidence or a part of it. (c) It is the prerogative of the jury to believe certain parts only of the defendant's statement and to combine those with certain parts only of the evidence. (d) They may disbelieve the defendant's statement in whole or in part. (e) A conspiracy may be shown by direct or circumstantial evidence. *Randall* v. *State,* 73 *Ga. App.* 354 (36 S. E. 2d, 450)." *Swain* v. *State,* 74 *Ga. App.* 391, 392 (39 S. E. 2d, 727). Applying these rules to the evidence which has been set out in division 1 of the opinion, we think the charge on conspiracy was authorized.

■ Where the court in a voluntary manslaughter case charged in its entirety Code § 27-2502, which contains the general law on indeterminate sentences for felonies not punishable by life imprisonment, which section reads as follows: "The jury in their verdict on the trial of all cases of felony not punishable by life imprisonment shall prescribe a minimum and maximum term, which shall be within the minimum and maximum prescribed by law as the punishment of said crime, and the judge in imposing sentence shall commit said convicted person to the penitentiary in accordance with the verdict of the jury. The Prison Commission [State Board of Pardons and Paroles] shall fix rules by which said convict, after serving the minimum sentence, may be allowed to complete his term without the confines of the penitentiary upon complying with said rules." Charging the last sentence of this Code section is not reversible error for either of the following reasons assigned by the defendant: first, that it was prejudicial as a legal influence on the jury by creating or tending to create a reflection on the State Board of Pardons and Paroles, and second, that the charge instructed the jury that a separate and distinct department of the State could by rules and regulations adopted by it prescribe different punishment from that fixed by the court and jury on a verdict of guilty, and was

an invitation to the jury to enlarge the minimum period of punishment. The general law on indeterminate sentences for felonies not punishable by life imprisonment, as we have said, is embraced in Code § 27-2502, and charging this section in its entirety is but charging the general principles of the indeterminate-sentence law applicable to the facts of this case. Surely it can not be said that it is reversible error to state the general indeterminate-sentence law in the words of the statute or Code section. See, in this connection, *Ellison* v. *State,* 137 *Ga.* 194 (6) (73 S. E. 255); *Cooper* v. *State,* 70 *Ga. App.* 692 (29 S. E. 2d, 430). See also *Weeks* v. *State,* 63 *Ga. App.* 773 (11 S. E. 2d, 670); *Thompson* v. *State,* 204 *Ga.* 407 (50 S. E. 2d, 74). The case of *Thompson* v. *State,* 203 *Ga.* 416 (47 S. E. 2d, 54), relied on in the brief of the defendant is clearly distinguishable from the facts of the instant case.

While discussing Code § 27-2502, it might be well to call attention that the Supreme Court in the case of *Matthews* v. *Everett,* 201 *Ga.* 730, 736 (41 S. E. 2d, 148), has placed a different construction on the last sentence of such Code section from that placed upon it by this court in *Walker* v. *State,* 74 *Ga. App.* 48 (39 S. E. 2d, 75), in an opinion of the court prepared by this writer, as regards the right of the State Board of Pardons and Paroles to parole a convicted person prior to his serving his minimum sentence.

The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*