32974. RAMPLEY v. THE STATE.

DECIDED JUNE 14, 1950.

*Frank G. Wilson, Carl M. Story*, for plaintiff in error.

*Charles H. Garrett, Solicitor-General, William M. West*, contra.

MacIntyre, P. J. ■ The defendant contends in special ground 1 of the motion for a new trial that though the court, in the following portion of its charge to the jury, enumerated the elements constituting the offense of robbery by intimidation, it failed to define to the jury the meaning of "intimidation": "You will observe that in robbery by intimidation there must be; first, the wrongful, fraudulent and violent taking of money, goods or chattels from the person of another; second, this taking must be done by intimidation; third, it must be done without the consent of the owner; and fourth, the taking must be done with the intent to steal. All of these ingredients must be present to constitute the offense of robbery by intimidation under the laws of Georgia. Unless you believe beyond a reasonable doubt that all of these ingredients have been established, as charged in the indictment, you would acquit the defendant." This charge is not erroneous as failing to define intimidation such as to require the grant of a new trial in the absence of a timely written request that such definition be given. *Pye* v. *Pye*, 133 *Ga*. 246 (65 S. E. 424); *Savannah Electric Co*. v. *Bennett*, 130 *Ga*. 597 (61 S. E. 529); *Cammons* v. *State*, 59 *Ga. App*. 759, 765 (2 S. E. 2d, 205), and cit. It might be further noted that in cases of the kind under consideration (robbery by intimidation), counsel for the defendant must have known that the word intimidation would be used by the court in instructing the jury on the nature of the crime charged in the indictment because that word was used in the indictment itself, and counsel should have

made an appropriate written request for the court to give an instruction defining the term.

■ In special ground 2 of the motion for a new trial, error is assigned upon the reading into the evidence of three notes, which the codefendants of the defendant identified as having been thrown to them in a tobacco can by the defendant while the three of them were in jail together. The only objection made at the time the notes were introduced in evidence which is specific enough to raise a question for determination by this court is that "none of them [the notes] are signed and it doesn't show who wrote them." See *Owen* v. *State,* 78 *Ga. App.* 558 (2) (51 S. E. 2d, 602). The two co-defendants testified that while they were jailed in a cell on one side of a corridor of the jail, the defendant was jailed in a cell across the corridor, and the notes were thrown to them by the defendant by placing them in a tobacco can. The notes standing alone were incriminatory as tending to implicate their author in some robbery with the intended recipients of the notes, and while under the ruling in *Burden* v. *State,* 147 *Ga.* 412 (94 S. E. 232), the admission in evidence of the notes without connecting them with the defendant as their author would have been ground for the grant of a new trial, the evidence in this case connects the defendant with the notes by the testimony of the co-defendants that the defendant threw the notes to them in a tobacco can during the time of their incarceration and that the notes which were introduced in evidence were the notes which they received from the defendant and delivered to the assistant solicitor-general. See *Borders* v. *Macon,* 18 *Ga. App.* 333 (17) (89 S. E. 451). Further, the defendant in his supplemental statement to the jury stated that he wrote the notes in question. The subject-matter of the notes was relevant as tending to connect the defendant with the commission of the crime charged in the indictment. Under these circumstances the court did not err in admitting the notes in evidence for any reason assigned. This ground is without merit.

■ In special ground 3, error is assigned upon the court's refusal to grant a mistrial on a motion properly and timely made by counsel for the defendant, based upon the following "improper and incorrect argument of counsel for the State in his argument to the jury: ' . . the defendant was sentenced to serve

some 15-20 years for a former offense of robbery about six years ago and was not in confinement when the offense for which he is now on trial was committed . . that the time he would be kept in confinement under any sentence rendered in this case would be fixed by the State Board of Pardons and Paroles under their rules and regulations.' " In *Matthews v. Everett*, 201 *Ga.* 730, 735 (41 S. E. 2d, 148), the Supreme Court stated: " . . . the pertinent statutes [governing pardons and paroles], construed together, made it mandatory upon the commission to prescribe rules by which a convict may be granted a parole after serving his minimum sentence, but did not prevent the grant of a parole, under appropriate rules and as a matter of discretion, before completion of such minimum term or any particular part thereof." The statement of the solicitor-general was, under the ruling in the *Matthews* case, supra, a correct statement and explanation of how the indeterminate sentence law applied to the instant case and as the jury should always know the effect of the sentence imposed, the remarks of the solicitor were not improper. *Weeks v. State*, 63 *Ga. App.* 773, 776 (11 S. E. 2d, 670); *Thompson v. State*, 204 *Ga.* 407, 411 (3) (50 S. E. 2d, 74); *Davidson v. State*, 78 *Ga. App.* 619, 622 (51 S. E. 2d, 867). There is no merit in this ground of the motion for a new trial.

Although in deciding special ground 3 this opinion deals with the last part of the remarks of the solicitor-general alleged to be improper as follows: " . . that the time he would be kept in confinement under any sentence rendered in this case would be fixed by the State Board of Pardons and Paroles under their rules and regulations," the first part of the argument of the solicitor alleged to be error to the effect that the defendant was sentenced to serve from 15 to 20 years for a former offense for which he is now on trial, the indictment alleged the former conviction under Code § 27-2511 and this conviction was offered in evidence for the purpose of invoking the provisions of this Code section as to the length of the sentence. The evidence authorized the first part of the solicitor's statement and it was not error to make it. No point was made upon this part of the solicitor's argument in the defendant's brief, but we merely make note of it here in order to avoid confusion as it might appear

from what has been said before that this part of the solicitor's argument was erroneous.

■ The verdict finding the defendant guilty of robbery by intimidation was authorized by the evidence. The prosecutor, T. H. Wheeler, testified that about 7:00 p.m. on July 23rd he was offered a ride by the defendant and his two co-defendants. He was going to a cafe in Macon but when they reached the cafe, the defendant, who was sitting on the back seat of the automobile with the prosecutor ordered the driver of the car not to stop there but to drive on. They stopped near the city dumping grounds and "while Rampley, the defendant was on the back seat with me he took my pocketbook and watch and fountain pen. What he did to me, he had something under my coat, right here (indicating), I don't know what it was, he run his hand around there and got my pocketbook. He was holding something pressed to my side. The pocketbook was in my hip pocket; he took that out of my pocket. As to whether I permitted him to take it out while he had something pressed against me—he just taken it out, I did not resist him, I was afraid. I didn't resist him because I was afraid to. I didn't know what he had, he was pressing something in my side. . . I was not menaced or threatened in any way before this property of mine I testified about was taken from me. As to whether anything was done to me to put me in fear—only that iron instrument he had in my side there. I didn't know what this instrument was, it was under my coat. I didn't see it, I didn't know whether it was a blackjack or gun." The prosecutor was a man in his fifties. The three assailants were youths in their late teens and early twenties. The prosecutor was unquestionably outnumbered. The point at which his property was taken from him was more or less deserted, and considering the time, the place and the number of his assailants, we think the jury was authorized in inferring that the idea of resistance on the part of the prosecutor was impracticable and that he parted with his property under the fears of a reasonable man for his own safety. *Johnson v. State*, 1 *Ga. App.* 729 (57 S. E. 1056); *Cox v. State*, 46 *Ga. App.* 210 (167 S. E. 220); *Long v. State*, 12 *Ga.* 293; *Tanner v. State*, 24 *Ga. App.* 132 (100 S. E. 44).

For the foregoing reasons the court did not err in overruling the motion for a new trial.

Judgment affirmed. *Gardner and Townsend, JJ., concur.*