## 53089. JACOBS v. THE STATE.

STOLZ, Judge.

The defendant appeals from his conviction of burglary.

1. The charge, to the effect that the unsatisfactorily explained possession of recently stolen goods is a circumstance which, along with other evidence, raises an inference of guilt, was not erroneous as a burden-shifting charge, as contended in enumeration of error 1. *Workman v. State,* 137 Ga. App. 746, 748 (5) (224 SE2d 757), citing *Byrd v. Hopper,* 234 Ga. 248 (215 SE2d 251) and *Jacobs v. Caldwell,* 231 Ga. 600 (203 SE2d 188) (the present appellant's habeas corpus appeal).

2. It was not error, as claimed in enumerated error 2, for the trial court, in the absence of a written request, to fail to charge on the lesser crime of theft by receiving stolen property. In the first place, this is not a lesser included offense of the offense of burglary, which was charged in the indictment. *Gearin v. State,* 127 Ga. App. 811 (1) (195 SE2d 211). In the second place, such failure, in the absence of a written request to charge, is not error, regardless of whether the evidence would have authorized or demanded such a charge. *Smith v. State,* 236 Ga. 5, 10 (6) (222 SE2d 357) and cit.

3. The verdict and judgment were authorized by the evidence. The defendant was in possession of the stolen guns less than an hour after the burglary, and pawned one of them the next day, saying it belonged to his "daddy." The instant case is distinguishable from the case of *Bennett v. State,* 136 Ga. App. 806 (222 SE2d 207), in which the defendant's possession of the stolen gun was merely "later that day or the following day," as contrasted to within an hour after the burglary in the case sub judice. Enumerated error 3 is without merit.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

SUBMITTED NOVEMBER 1, 1976 — DECIDED NOVEMBER 10, 1976.

*E. Kontz Bennett, Jr., J. Greg Wolinski,* for appellant.

*Dewey Hayes, District Attorney,* for appellee.