## 57042. USHER v. THE STATE.

BANKE, Judge.

The appellant was convicted of selling heroin in violation of the Controlled Substances Act. He appeals the

denial of his motion for new trial. *Held:*

1. The appellant contends that the trial court should have granted a continuance to allow a new jury panel to be obtained after a fight broke out in the hallway outside the courtroom between members of the sheriff's department and the defendant from another trial. The fight is alleged to have been witnessed by the jury panel prior to voir dire and somehow to have had the effect of prejudicing the appellant even though he was not involved in it. However, there is nothing in the transcript to indicate either that the flight took place or that a motion for continuance was made. Thus, the alleged error cannot be considered. "The burden is always on the appellant in asserting error to show it affirmatively by the record." *McKenzey v. State,* 127 Ga. App. 304 (1) (193 SE2d 226) (1972).

2. Although the appellant contends on appeal that a proper chain of custody for the heroin was not established, we are referred neither to any objection nor to any ruling by the trial court on the matter. Thus, no ruling is required on appeal. See Rule 18 (c) (3) (Code Ann. § 24-3618); *Herrin v. State,* 138 Ga. App. 729 (3) (227 SE2d 498) (1976). Nevertheless, we have reviewed the evidence concerning the chain of custody and find that it establishes with reasonable certainty both that the heroin introduced at trial was the same substance seized from the appellant and that there had been no tampering or substitution. See *Johnson v. State,* 143 Ga. App. 169 (1) (237 SE2d 681) (1977).

3. The appellant sold the heroin to a state agent who had been introduced to him by an informant. The appellant contends that he was entitled to know this informant's identity. Once again, we are supplied with no reference to the transcript or record in support of this contention. Furthermore, it is clear that disclosure of the informant's identity could have been of no benefit to the appellant except possibly to allow him to impeach the agent's testimony. Under these circumstances, such disclosure was not required. See *Connally v. State,* 237 Ga. 203 (227 SE2d 352) (1976); *Oliver v. State,* 146 Ga. App. 798 (2) (247 SE2d 487) (1978).

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

SUBMITTED JANUARY 3, 1979 — DECIDED JANUARY 18, 1979.

*Patrick R. Digby,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Dean R. Davis, Assistant District Attorneys,* for appellee.