## 59248. SMITH et al. v. THE STATE.

SHULMAN, Judge.

Co-defendants Donald Smith and Gene Smith appeal their convictions for the offenses of armed robbery, burglary, and aggravated assault. We reverse.

Appellants complain that the submission of a certain inculpatory letter into evidence, without authentication, was error. The letter at issue, signed "Danny, " was taken from the wallet of Gene Smith, read to the jury, and admitted into evidence, without proof of authorship. Since the document was not properly authenticated, the trial court erred in admitting the writing into evidence. The judgment of the trial court, accordingly, must be reversed.

"As a general rule, a writing will not be admitted into evidence unless the offering party tenders proof of the authenticity or genuineness of the writing. [Cit.] There is no presumption of authenticity, and the burden of proof rests upon the proffering party to establish a prima facie case of genuineness. [Cits.] . . .

"While the genuineness of a letter may be shown by circumstantial evidence [cit.], the courts have been careful to safeguard the rule which allows only authenticated writings to be introduced in evidence." *Martin v. State,* 135 Ga. App. 4 (3) (217 SE2d 312).

As a circumstance evincing authenticity, the state asserts that the letter was found in the possession of Gene Smith. While, "[i]n limited instances, custody may in fact form the basis of authentication . . . [t]his frequently occurs where a writing is shown to have been made in the regular course of business and is found in its usual business location. Code Ann. § 38-711. This rule has never been expanded, however, to include private custody or simple possession, since the circumstances of private possession are infinitely more varied than those of business or official custody." *Martin,* supra, p. 8. Possession, alone, therefore is insufficient to establish the authenticity of a document.

Nor did the state introduce other circumstances showing genuineness which, together with Gene Smith's possession of the letter, may have established a prima facie showing of authenticity. Id. That the evidence showed that appellants had a brother named Danny who was convicted of the same crimes for which appellants were on trial, does not indicate a circumstance of authenticity since it does not go to the identity or authorship of the letter. See *Burden v. State,* 147 Ga. 412 (94 SE 232). Compare *Rampley v. State,* 81 Ga. App. 782 (60 SE2d 180). "In the total absence of identification as to . . . authorship . . . it was error to admit the writing in evidence." *Martin,* supra, p. 9.

Although there was other evidence sufficient to support a verdict of guilty, the inculpatory nature of the writing and the prejudicial effect of its apparent connection with appellants' brother, Danny, who had been convicted of the same crimes, is such that we are unwilling to hold that the erroneous admission of the letter over the objection of appellants was harmless error. Therefore, the convictions must be reversed and the case returned for a new trial.

Since we are reversing the judgment of the trial court for the reason stated above, we need not consider additional enumerations of error raised by appellants which are not likely to recur at a new trial.

*Judgment reversed. Quillian, P. J., and Carley, J., concur.*

SUBMITTED FEBRUARY 14, 1980 — DECIDED MARCH 6, 1980 — REHEARING DENIED MARCH 21, 1980 —

*Walter Van Heiningen,* for appellants.
*H. Lamar Cole, District Attorney, Richard W. Shelton,*

*Assistant District Attorney,* for appellee.