## 59644. PAYNE v. THE STATE.

Shulman, Judge.
Defendant appeals his conviction of the offenses of burglary and forgery. We affirm.

Appellant submits that the trial court's refusal or failure to charge on the lesser included offense of theft by receiving stolen property (which, under the facts of the case at bar, appellant argues, was a lesser included offense of the charge of burglary), even absent a written request, constitutes reversible error. In this regard, appellant contends that the court's charge that the jury may infer culpability for the offense of burglary from recent possession of stolen property mandated additional instructions to the jury on the offense of receiving stolen property, arguing that an instruction on recent possession gives rise to the inference that defendant committed the lesser offense of theft by receiving stolen property.

Even assuming that the evidence presented at trial warranted the finding that theft by receiving stolen property was a lesser included offense as a matter of fact (clearly it is not a lesser included offense as a matter of law, see *Gearin v. State,* 127 Ga. App. 811 (1) (195 SE2d 211)), defendant's failure to make a timely written request for such charge precludes his assertion that the trial court's refusal to charge theft by receiving stolen property was reversible error. *Jacobs v. State,* 140 Ga. App. 410 (1,2) (231 SE2d 155). See also

*State v. Stonaker,* 236 Ga. 1 (222 SE2d 354); *Bouttry v. State,* 242 Ga. 60 (247 SE2d 859).

Finding no error for the reason assigned, the judgment of the trial court must be affirmed.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

SUBMITTED APRIL 9, 1980 — DECIDED MAY 2, 1980.

*C. P. Brackett, Jr., Jack H. Affleck, Jr.,* for appellant.

*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.