36282. THE STATE v. SMITH et al.

UNDERCOFLER, Chief Justice.

We granted certiorari to review the question "[w]hether a document found on defendant's person and purportedly written by defendant's accomplice, and by its content, circumstantially linked defendant to the crime, was inadmissible on the basis that it was not authenticated as being in the handwriting of the accomplice." See *Smith v. State,* 154 Ga. App. 102 (1980). We conclude it was properly admitted here and remand.

"A writing, alleged to be in the handwriting or signature of a party, is inadmissible unless the writing is proved or acknowledged to be genuine.[Cits.] The genuineness of the writing, however, may be proved by circumstantial evidence." *Gunter v. State,* 243 Ga. 651,

657 (256 SE2d 341) (1979).

In May, 1977, the residence of Carl Wilson was burglarized by three men. Wilson came home and caught them in the act. Two men were inside the house, and one of these pointed a rifle at Wilson. He ran to the road and flagged an approaching car, asking for help. The driver was also an accomplice and turned a shotgun upon Wilson. The three left without harming Wilson, but they took a number of his rifles and shotguns. One of these men, Danny Smith, later pled guilty to the crime, and in a statement to police, implicated two men from Valdosta, Donny Herring and a man named "Cooty." However, charges against these men were later dropped when Mr. Wilson could not identify them as participants.

Also under suspicion as participants were the defendants here, Gene and Donald Smith, brothers of Danny Smith. During a subsequent search of Gene Smith's residence, under a warrant issued as part of another investigation, he was searched. A partial page from a religious text was found in his pocket upon which a man who signed his name "Danny" had made certain statements which were inculpatory of the defendants on trial here.[1] This document was admitted into evidence over objection that no one named "Danny" was on trial and there was no showing as to who in fact wrote the document. The State offered no documents for comparison by the jury or other evidence going to the genuineness of the document. The State relied solely upon the fact that the document was found in the possession of one of the defendants, Gene Smith.

"While possession alone is insufficient to establish a prima facie showing of authenticity, it should be recognized that possession, together with other circumstances, may meet the burden. . ." *Martin v. State,* 135 Ga. App. 4, 8 (3) (217 SE2d 312) (1975).

The State's evidence showed Danny Smith made a statement to police when arrested, implicating Donny Herring and a man named "Cooty," both from Valdosta, in the crime. Identical references to "Valdosta" and "Donny Herring" are noted in the writing in which it is obvious the author intends to implicate Donny Herring in order to "clear the other two." These circumstances were peculiarly

---

[1]State's exhibit 6, read to the jury over objection, is as follows: "I just thought I'd let you know what is going on. I'm trying to clear the other two. I think we've figured out, I've figured out how. They just picked up another person and his name is Donny Herring, and he's from Valdosta. He's also a paid informant so, I think I'm going to let him get some time. Because he's all ready ratted on a couple up here. Danny."

within the knowledge of the only "Danny" involved in the case, the brother of defendants who had pled guilty to the crime with which they were charged, and they were sufficient to make a prima facie showing of authenticity. It was not error to admit the writing into evidence.

*Judgment vacated. Remanded to the Court of Appeals.*

SUBMITTED JUNE 2, 1980 — DECIDED JULY 1, 1980.

*Richard W. Shelton, Assistant District Attorney,* for appellant.
*Walter Van Heiningen,* for appellees.