## 59248. SMITH et al. v. THE STATE.

SHULMAN, Judge.

In the first appearance of this case, 154 Ga. App. 102 (267 SE2d 629), we reversed the convictions of co-defendants Donald Smith and Gene Smith on the basis of the admission of what we determined was improper and prejudicial evidence. On certiorari, the Supreme Court (246 Ga. 129 (269 SE2d 21)), reversed our evidentiary determination, vacated this court's opinion, and remanded the case for reconsideration.

For the reasons stated in Division 1, we reverse the conviction of defendant Gene Smith; we affirm the conviction of appellant Donald Smith.

1. Both appellants complain of the trial court's failure to grant a mistrial when a state's witness, on cross examination, volunteered the statement that he observed defendant Gene Smith and Danny Smith (not a party to this appeal) on trial for murder in Moultrie, Georgia. Appellants Gene Smith and Donald Smith submit that such testimony impermissibly placed their characters in issue. While we find that the trial court's refusal to grant a mistrial in favor of defendant Donald Smith was not error, we must agree with defendant Gene Smith's contentions that the trial court erred in denying his motion for mistrial.

We are not presented here with the situation wherein a witness merely testified, without more, that he has seen the defendant "in court." Such statements have been held not to reflect upon the character of the accused or raise any issue in regard to his character. It is reasoned that since "[c]ourts throughout the country are attended by people of all classes [,] [n]o inference derogatory of one's reputation or character can be drawn from the mere proof that he has occasionally been seen in court." *Cherry v. State,* 220 Ga. 695, 696 (141 SE2d 412). That reasoning, however, cannot apply here where the witness specifically testified that defendant Gene Smith was on trial for murder. Such testimony was not responsive or pertinent to the question (compare *Powers v. State,* 150 Ga. App. 25 (256 SE2d 637)), and undeniably puts the defendant's character in issue in a

derogatory light. See, e.g., *Nesbit v. State,* 125 Ga. 51 (54 SE 195).

Defendant Donald Smith's name, however, was not mentioned in connection with the murder trial, nor was there testimony from which the jury could have inferred his connection with that crime (murder) as an unnamed party. We therefore refuse to find that the complained of testimony impermissibly placed defendant Donald Smith's character into evidence.

2. Since the record does not support appellants' contentions in regard to the admission of an indictment into evidence, their enumeration of error premised upon such alleged erroneous admission is without merit.

Moreover, even had such indictment been admitted, since it would have arguably placed only defendant Gene Smith's character in issue, its admission could not have been harmful error to defendant Donald Smith.

*Judgment reversed as to defendant Gene Smith; affirmed as to defendant Donald Smith. Quillian, P. J., and Carley, J., concur.*

SUBMITTED FEBRUARY 14, 1980 — DECIDED OCTOBER 23, 1980.

*Walter Van Heiningen,* for appellants.

*H. Lamar Cole, District Attorney, Richard W. Shelton, Assistant District Attorney,* for appellee.