65809. APARICIO v. THE STATE.
65810. FIGUEROA v. THE STATE.

POPE, Judge.

Appellants were jointly tried and each convicted of three counts of armed robbery. On appeal they both challenge the sufficiency of the evidence to support the verdict, and each argues that he had ineffective assistance of counsel at trial. Appellant Figueroa also enumerates as error the trial court's refusal to charge that his failure to testify on his own behalf should not be considered against him. *Held:*

1. We have thoroughly examined the records and transcript and find that there was ample competent evidence to enable any rational trier of fact to find appellants guilty of the crimes charged beyond a reasonable doubt. See *Watkins v. State,* 249 Ga. 3 (287 SE2d 24) (1982); *Maxwell v. State,* 163 Ga. App. 606 (295 SE2d 865) (1982); see also *Carter v. State,* 160 Ga. App. 139 (286 SE2d 760) (1981).

2. In support of their enumeration alleging ineffective assistance of counsel, appellants cite their trial counsels' failure to submit any written motions to suppress certain lineup identification evidence. The record discloses, however, that the trial court entertained such motions made orally and conducted a hearing thereon outside the presence of the jury. See Watkins v. Sowders, 449 U.S. 341, 345-9 (101 SC 654, 66 LE2d 549) (1981). These facts do not support appellants' allegation of ineffective legal representation at trial. Accord, *Spence v. State,* 163 Ga. App. 198 (1) (292 SE2d 908) (1982).

Appellant Figueroa also cites his trial counsel's lack of preparation as evidenced by his calling a character witness who testified — to counsel's surprise — that he would not believe a statement made by Figueroa. The record shows that this witness spoke little or no English; he spoke Spanish which was translated for the trial court by an interpreter. The witness also reaffirmed an

earlier statement made to counsel before trial in which he stated that Figueroa had a reputation in his community as being a person of good character. We do not view these circumstances as evidence of unpreparedness but rather as evidence of a misunderstanding which likely arose as a result of the witness' limited knowledge or understanding of the English language. In any event, since Figueroa himself did not testify at trial, he was not harmed by this testimony. See generally *Dill v. State,* 222 Ga. 793 (1) (152 SE2d 741) (1966).

3. In response to the trial court's inquiry as to any exceptions to the charge he had given to the jury, Figueroa orally requested a charge concerning his failure to testify in his own behalf. In the absence of a timely written request, the trial court's refusal to so charge was not error. *Burger v. State,* 245 Ga. 458, 459 (265 SE2d 796) (1980); *Woodard v. State,* 234 Ga. 901 (7b) (218 SE2d 629) (1975); *Teague v. State,* 160 Ga. App. 774 (2) (287 SE2d 111) (1982).

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED JUNE 2, 1983.

*Amy Jean Griffith, Earl A. Davidson,* for appellants.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret V. Lines, Paul L. Howard, Jr., Assistant District Attorneys,* for appellee.