## A89A0833. DORSEY v. THE STATE.
(386 SE2d 167)

BIRDSONG, Judge.

Appellant Eric Wyatt Dorsey appeals his conviction of burglary.

Evelyn Klein returned home to find her back door ajar and a burglary in progress in her home. She went to the neighbors for help and called the police. Two persons were seen running from the general vicinity of Ms. Klein's home. One of these men, who was black, was wearing a ski jacket of white, off-white or light colored material. The men entered a dark colored van which had window curtains and a missing spare tire.

Between fifteen to about forty minutes later, a brown van with curtains and no spare tire was stopped by the police. Appellant was a passenger in the van driven by his cousin, Darrell Leon Johnson. When a police officer approached the van, appellant was observed attempting to place a ski jacket under the seat. Jewelry belonging to Ms. Klein was found in Johnson's possession. A radio cassette player belonging to Ms. Klein was found in the van, and a canister containing tear gas, also belonging to Ms. Klein, was found in appellant's ski jacket pocket. Appellant's scarf was found at the crime scene. Also

found at the crime scene was a footprint. The tread from this print was similar to the tread on shoes taken from appellant by the police.

Darrell Leon Johnson testified that he and appellant had burglarized the house. The appellant testified and asserted an alibi defense. Appellant testified he was running at the time the offense was committed, that he had left his jacket and scarf in the van with Johnson, and that later Johnson picked him up after he had finished running. Appellant denied committing the burglary and denied any knowledge of the canister found in his jacket. *Held*:

1. Appellant asserts that the evidence was insufficient to sustain the verdict of guilty. We disagree.

The evidence in this case was both direct and circumstantial in nature. On appeal the evidence must be viewed in the light most favorable to the verdict, and appellant no longer is entitled to be shielded by the presumption of innocence. *Watts v. State*, 186 Ga. App. 358 (1) (366 SE2d 849). Review of the transcript in a light most favorable to the jury's verdict "reveals ample evidence from which any rational trier of fact could conclude beyond a reasonable doubt that appellant was guilty of [the burglary offense] charged." *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Baggett v. State*, 257 Ga. 735 (2) (363 SE2d 257).

2. Appellant asserts that the trial court erred in failing to charge on the lesser included offense of theft by receiving and theft by taking. The record reflects that appellant did not make a written request for such a charge. "[E]ven if the evidence . . . justified a charge on [theft by receiving and theft by taking] . . . there was no written request for such a charge. A trial judge never errs in failing to include a charge on a lesser included offense unless there is a written request to charge." *Mosley v. State*, 257 Ga. 382 (2) (359 SE2d 653).

3. Appellant asserts that the trial court erred in not declaring a mistrial after the State impermissibly commented on the defendant's silence at the time of his arrest in violation of the Fifth and Fourteenth Amendments.

At the onset we note that the record reveals and the trial court tacitly concluded that the law enforcement officer's reference to appellant's *initial* declination to make a statement was not intentionally induced by the prosecutor.

Following the trial court's denial of appellant's motion for mistrial, a colloquy occurred between the trial judge, the defense counsel and the prosecutor. That colloquy in pertinent part is as follows: "THE COURT: It's my understanding that [appellant] was again advised of his original *Miranda* rights and he explained his rights to him again the next day . . . and he refused to actually sign the waiver of his rights, but . . . however, at this point [appellant] did make a statement that the victim could not identify the watches. . . . [DE-

FENSE COUNSEL]: Right, and on the 27th he refused to sign the waiver form and I would object to the officer saying that he refused to sign the *Miranda* rights waiver. If [appellant] identified some watches and he is limited to that and naming the watches that he had, *I don't object.* [PROSECUTOR]: That was all I was planning to do. THE COURT: All right, let the jury come back in." (Emphasis supplied.) Thereafter, appellant did not renew the motion for mistrial, the officer continued to testify, and testified as to the right's warning and as to appellant's voluntary statement made on the 28th concerning the watches. Appellant allowed this testimony to be introduced without objection.

We conclude, after examining the trial in toto, that the appellant, by words and conduct, after his motion for mistrial was denied, waived the motion hereinbefore made. If he insisted on his motion, counsel should have moved again for a mistrial.

Moreover, assuming that error of constitutional magnitude had occurred when the trial judge denied the mistrial motion, we find that such error was harmless beyond a reasonable doubt in light of the attendant circumstances and the overwhelming evidence of appellant's guilt. *Palmer v. State*, 186 Ga. App. 892, 897 (369 SE2d 38); see generally *Vaughn v. State*, 248 Ga. 127 (2) (281 SE2d 594) and its progeny.

*Judgment affirmed. Deen, P. J., concurs. Benham, J., concurs fully as to Divisions 1 and 2, and concurs in judgment only as to Division 3.*

DECIDED SEPTEMBER 5, 1989.

*J. M. Raffauf*, for appellant.

*Robert E. Wilson*, District Attorney, *Fran Shoenthal, Eleni A. Pryles*, Assistant District Attorneys, for appellee.