## A89A1644. ROSS v. THE STATE.
(390 SE2d 671)

BIRDSONG, Judge.

Ross appeals his conviction of aggravated assault. He contends the trial court erred by denying his motion for a mistrial and by admitting in evidence a letter that was not properly authenticated. *Held*:

1. The second enumeration alleges the trial court erred by admitting in evidence without proper authentication a handwritten letter to the victim purportedly from Ross. At trial the State contended the letter was authenticated by its postmark, its return address, and the victim's testimony she received the letter in the normal course of the mail. On appeal, the State contends the letter was authenticated by the circumstantial evidence of the postmark, the return address, the relationship between the parties, the repeated identification of the letter by the victim, and the contents of the letter.

Examination of the letter and its envelope show an envelope addressed to the victim with a return address of: "Mr. Leroy Ross" at an address in Milledgeville which the prosecutor said in argument was the county jail. The postmarks on the envelope, however, were not from Milledgeville. One was from Macon, and the other from Haddock, Georgia.

The letter has three pages, one in cursive script and the other two hand-printed. Although the hand-printed pages indicate someone other than Ross printed them, no such statement is made about the other page of the letter. The letter asked the victim to tell the authorities she made a mistake or to refuse to attend the trial, and offered to pay the victim $200 if she would do so.

No witness was asked whether the handwriting was appellant's, and no expert was called. The only testimony about the letter was by the victim stating she received the letter from appellant in the normal course of the mail. Relying on this testimony and the return address, the trial court admitted the letter. This was error. See generally OCGA § 24-7-7. "A writing, alleged to be in the handwriting or signature of a party, is inadmissible unless the writing is proved or acknowledged to be genuine." *Gunter v. State*, 243 Ga. 651, 657 (256 SE2d 341). Although the genuineness of a writing may be proved by circumstantial evidence (*State v. Smith*, 246 Ga. 129 (269 SE2d 21); *Gunter v. State*, supra), this cannot be done solely by the face of the letter itself. *Burgess v. Simmons*, 207 Ga. 291, 296 (61 SE2d 410). Since the only things indicating this letter was from Ross were the

return address and the victim's testimony she received it in the mail, this was not sufficient authentication.

The State contends that any error was harmless because there was no prejudice to appellant. We cannot agree. Nor can we accept the State's assertion that the letter was neither inculpatory, exculpatory, nor inconsistent with appellant's defense. Although other witnesses testified, the case rested on the victim's version of the events. One reading the letter could conclude Ross recognized that unless the victim recanted her accusation or refused to testify he would to go jail. In these circumstances, the letter was inculpatory, and considering the evidence in this case, we cannot conclude it was not prejudicial. Accordingly, the judgment must be reversed.

2. In view of the disposition of the second enumeration, we need not address the first error asserted.

*Judgment reversed. Deen, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 12, 1990.

*Jones & Geeter, Shane M. Geeter*, for appellant.
*Joseph H. Briley, District Attorney, Al Martinez, Assistant District Attorney*, for appellee.