A90A2294. WEATHERS v. THE STATE.
(403 SE2d 449)

CARLEY, Judge.

After a jury trial, appellant was found guilty of armed robbery. He appeals from the judgment of conviction and sentence entered by the trial court on the jury's guilty verdicts.

1. The admission into evidence of certain glass fragments found at the scene of the crime and blood samples taken therefrom is enumerated as error. The contention is that the State failed to establish a chain of custody for this evidence.

"Because appellant made no objection at trial to the introduction of the [evidence] on this basis, he waived any objection. [Cits.]" *Welch v. State*, 257 Ga. 197, 198 (3) (357 SE2d 70) (1987). See also *Usher v. State*, 148 Ga. App. 719, 720 (2) (252 SE2d 677) (1979). "Nevertheless, we have reviewed the evidence concerning the chain of custody and find that it establishes with reasonable certainty both that the [glass fragments and blood samples] introduced at trial [were] the same [items] seized from the [crime scene] and that there had been no tampering or substitution. [Cit.]" *Usher v. State*, supra at 720 (2). See also *White v. State*, 230 Ga. 327, 335 (4) (196 SE2d 849) (1973); *Lockleer v. State*, 188 Ga. App. 271, 272 (2) (372 SE2d 663) (1988).

2. The trial court's exclusion of the testimony of a defense witness is enumerated as error. Appellant urges that the excluded testimony was relevant impeachment evidence showing that a State's witness had made a prior inconsistent statement.

Contrary to appellant's contentions, the excluded testimony did not show that the State's witness had made a prior *inconsistent* statement. The excluded testimony showed only that the State's witness had made a prior statement which was less expansive than her trial testimony. That the trial testimony of the State's witness merely included additional facts demonstrates no impeaching inconsistency with the excluded prior statement attributed to her. "As the absence of [the additional facts in] a prior statement [given by the State's witness] fails to amount to a contradiction [of her trial testimony], there could be no impeachment under the provisions of OCGA § 24-9-83. . . . [Cit.]" *Thomas v. State*, 168 Ga. App. 587 (1) (309 SE2d 881) (1983).

3. Appellant's alleged accomplice was called as a defense witness and testified that he, and not appellant, committed the robbery. During cross-examination, the witness was asked whether he had written

a letter to the District Attorney offering to testify *against* appellant if his sentences were shortened. The witness denied that he had written such a letter. Over appellant's objection to a lack of authentication, the State was thereafter permitted to question the witness with regard to the specific contents of the letter that he had denied writing. This evidentiary ruling is enumerated as error.

Authentication of a writing " 'may be proved by circumstantial evidence.' [Cit.]" *State v. Smith*, 246 Ga. 129 (269 SE2d 21) (1980). The letter at issue in the instant case bore the witness' correct name, prison address and criminal identification number. As would be expected in a letter written by an alleged accomplice, the contents thereof indicated that its author had first-hand detailed knowledge of how the crime had been committed. For example, the author of the letter apparently knew that, in committing the crime, appellant had cut his hand and had left blood at the crime scene. Moreover, the witness, as appellant's alleged accomplice, had a peculiar interest in the District Attorney's acceptance of the letter's offer and was the only person who would have been able to fulfil the promise contained therein. Under all of these circumstances, it is very unlikely that anyone other than the witness had written the letter. Accordingly, the circumstances "were sufficient to make a prima facie showing of authenticity." *State v. Smith*, supra at 131. Compare *Ross v. State*, 194 Ga. App. 464 (1) (390 SE2d 671) (1990). It follows that this enumeration of error has no merit.

4. "Even assuming that the evidence presented at trial warranted the finding that theft by receiving stolen property was a lesser included offense . . ., [appellant's] failure to make a timely written request for such charge precludes his assertion that the trial court's refusal to charge theft by receiving stolen property was reversible error. [Cits.]" *Payne v. State*, 154 Ga. App. 507 (269 SE2d 52) (1980). See also *Dorsey v. State*, 192 Ga. App. 657, 658 (2) (386 SE2d 167) (1989). Appellant's *oral* request to give such a charge was not sufficient. See *Aparicio v. State*, 166 Ga. App. 793, 794 (3) (305 SE2d 649) (1983). Compare *State v. Alvarado*, 260 Ga. 563 (397 SE2d 550) (1990).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 22, 1991 —
REHEARING DENIED MARCH 7, 1991 —

*William J. Sussman*, for appellant.
Arthur Weathers, *pro se.*
*Michael C. Eubanks, District Attorney, G. Barksdale Boyd, Richard E. Thomas, Assistant District Attorneys*, for appellee.