### A03A2132. MENEFIELD v. THE STATE.
(590 SE2d 180)

PHIPPS, Judge.

Derrick Menefield was convicted of armed robbery and fleeing or attempting to elude a police officer. He moved for a new trial on grounds of newly discovered evidence, ineffective assistance of counsel, and an insufficiency of the evidence to support the verdict. Menefield appeals the trial court's denial of his motion. We affirm.

The State's key witnesses were Jeff Herron and Tameka Hill. Herron was a DeKalb County police officer. Hill was night cashier at a Circle K convenience store in Decatur. Hill testified that shortly after midnight on February 29, 2000, two men wearing masks and wielding guns appeared in the store, forced her to give them the money from the store's cash register, and then fled. Herron was on

---

patrol at the time and spotted the two men fleeing to the rear of an adjacent McDonald's restaurant. One of the men then reappeared, driving a car at a high rate of speed with the headlights off. He led police on a chase until he ran the car into a ditch. He then fled on foot through a wooded area, but was quickly apprehended and identified as Derrick Menefield. The other robber was identified as Ronald Higginbottom.

Menefield testified in his own defense at trial. He claimed that Higginbottom and a gang of men coerced him into helping Higginbottom commit the armed robbery so that Higginbottom could repay the men money he had borrowed for drugs. In moving for a new trial on the ground of newly discovered evidence, Menefield tendered a document he claims to be a post-trial letter in which Higginbottom admitted that he had coerced Menefield into committing the crime.

1. Menefield first claims ineffective assistance of trial counsel.

He complains that by introducing in evidence a copy of a police report while cross-examining Hill, defense counsel lost the right to make the final closing argument.[1] Menefield also complains that counsel did not ask Herron or Hill enough questions on cross-examination, failed to interview Higginbottom before trial, did not object or reserve his right to object to any jury instructions, and moved for a judgment notwithstanding the verdict at the end of the trial even though Georgia law does not provide for such a motion in criminal cases.[2]

Counsel cross-examined Hill about the police report, because it showed that Hill had told police that only one of the robbers had a gun whereas she testified at trial that each robber had a gun. Hill's pretrial statement to police, contrary to her trial testimony, thus tended to support Menefield's defense. Menefield therefore acknowledges counsel's effectiveness in using the report to impeach the witness. Menefield asserts, however, that admission of the report in evidence was not necessary. Because the report repeatedly emphasized that only one of the suspects had a gun, counsel could have concluded that its admission in evidence outweighed the loss of closing argument. The decision was thus one of trial strategy not amounting to ineffective assistance of counsel.[3]

At the hearing on Menefield's motion for new trial, his trial attorney explained that he had not found it necessary to interview Higginbottom because Higginbottom's statement to police was that he had been talked into committing the robbery by Menefield. As to counsel's cross-examination of the state's witnesses and his failure to

---

[1] See *Boston v. State*, 185 Ga. App. 740, 742 (3) (365 SE2d 885) (1988).

[2] *Rhyne v. State*, 209 Ga. App. 548, 550-551 (1) (434 SE2d 76) (1993).

[3] *Jack v. State*, 245 Ga. App. 216, 219-220 (6) (536 SE2d 235) (2000).

preserve issues relating to the jury charge for appellate review, Menefield has not shown any questions which counsel failed to ask or any errors in the jury charge. Nor has Menefield shown how he was harmed by counsel's futile attempt to obtain a j.n.o.v., as counsel also moved for a directed verdict. Under the circumstances, the trial court's finding that counsel was not ineffective is not clearly erroneous.[4]

2. Menefield next challenges the sufficiency of the evidence to support his conviction of armed robbery.

The jury was authorized to find Menefield's coercion defense lacking in credibility in numerous respects. Menefield testified that Higginbottom had done all of the talking during the robbery; that he had not said anything to Hill other than tell her he was being forced to participate in the robbery; and that Higginbottom had pointed a gun at him in the store, forcing him to rob Hill. Menefield's testimony was, however, flatly contradicted by Hill's. Moreover, the evidence showed that Menefield, as the sole occupant of the getaway car, led police on a high speed chase and then fled on foot after his car had become disabled. The jury could have found such conduct inconsistent with Menefield's claim that he had been coerced into committing the crime. And although Menefield claimed that a gang of men had beaten him on the day of the robbery, he presented no verifiable evidence of physical injuries. Moreover, Menefield also claimed that before the robbery he had told the men that he had $400 to $500 in his possession and offered it to them. Yet, the only money found in his possession at the time of his arrest was about $275 found in the bag used in the robbery. And in the getaway car, police found a ski mask and receipt for its purchase. The car belonged to Menefield. Exercising its role as the judge of the credibility of witnesses, the jury was fully authorized to find Menefield guilty of the crime of armed robbery beyond a reasonable doubt.[5]

3. Finally, Menefield complains of the court's denial of his motion for new trial on the basis of the purported letter from Higginbottom corroborating his coercion defense.

" 'A writing, alleged to be in the handwriting or signature of a party, is inadmissible unless the writing is proved or acknowledged to be genuine.' [Cit.]"[6] When the state challenged the genuineness of Menefield's letter at the hearing on his motion for new trial, he was

---

[4] *Kelly v. State*, 267 Ga. 252, 253 (2) (477 SE2d 110) (1996) (trial court's finding that defendant has not been denied effective assistance of counsel will be affirmed unless clearly erroneous; in cases where ineffectiveness of trial counsel is alleged, burden is on defendant to show both that trial counsel's performance was deficient and that deficient performance prejudiced defense).

[5] See generally *Harvey v. State*, 274 Ga. 350, 352 (2) (554 SE2d 148) (2001).

[6] *Ross v. State*, 194 Ga. App. 464 (1) (390 SE2d 671) (1990).

unable to produce any competent evidence authenticating it. Certainly, the trial court was authorized to find that the unauthenticated document tendered by Menefield did not constitute material evidence that would probably produce a different verdict. Consequently, the court did not abuse its discretion in denying Menefield's motion for new trial on the ground of newly discovered evidence.[7]

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 14, 2003.

*Elliott A. Shoenthal*, for appellant.

*J. Tom Morgan, District Attorney, Robert M. Coker, James M. McDaniel, Assistant District Attorneys*, for appellee.

---

[7] See generally *Young v. State*, 269 Ga. 490, 492-493 (2) (500 SE2d 583) (1998).