55408. DUNN v. THE STATE.

WEBB, Judge.
Convicted of voluntary manslaughter under an indictment for murder, Robert J. Dunn on his appeal enumerates four alleged errors in the trial court's denial of his motion for new trial. Dunn had taken his children to a P. T. A. meeting, and upon returning them to their mother at her parents' home, he and his wife being separated, he found David Harris visiting his wife. Dunn and she had a conversation, and Dunn left. After one

unsuccessful attempt to borrow a pistol, he did obtain a .38 caliber revolver from an undisclosed party, and returned to the home where his wife and Harris were. When Harris left and walked out on the front porch, Dunn shot him, causing injuries which resulted in his death. Dunn then entered the home and attempted to shoot his wife, but failed.

1. Dunn's first enumeration of error is on general grounds, but inasmuch as he makes no argument and offers no citation of authority, that alleged error is considered to be abandoned. Rule 18 (c) (2) (Code Ann. § 24-3618 (c) (2)).

2. Secondly, Dunn asserts that the trial court erred in charging the jury: "As I stated, the defendant has entered his plea of not guilty. Therefore, the allegations of the defendant's contention of no guilt does not constitute any matter for which you may consider as the truth. You are to pass upon the issues in the case to determine his guilt or innocence." He argues that by this language the trial court admonished the jury that the accused's contentions of innocence are not to be believed as truthful. We do not agree.

The foregoing quotation is but a part of the court's charge. Immediately preceding the foregoing the trial court stated to the jury: "Now, I charge you that the indictment does not constitute evidence. They are merely allegations by the Grand Jury of this county in which it charges that the defendant committed the crime, and these allegations and the indictment constitute no proof of any such matter. Nor does the indictment itself constitute proof of any matter, except that it was returned into Court, as I said before." And immediately following the language charged as error, the trial judge stated further: "Now, under our system, it is the duty and responsibility of the trial judge to ascertain the law applicable to a case and to instruct the jury of what the law consists. It's your duty and responsibility to ascertain the truth of the case from a factual standpoint, from the evidence presented to you. And it's your duty and responsibility to apply the law to the facts and by this application of law to facts and fact to law to arrive at a verdict in the case that speaks the truth. Now, I charge you by entering his plea of not guilty,

the defendant denies each and every material allegation contained in the indictment, thereby placing the burden of proof upon the State of Georgia to prove each essential element of the charge as made in the bill of indictment beyond a reasonable doubt. I charge you that every person is presumed innocent until proven guilty, and no person shall be convicted of a crime unless each element of such crime as charged in the bill of indictment is proven against him beyond a reasonable doubt."

"The charge, read as a whole, is not confusing but was a clear enunciation of the law of the case, and gave full and fair instructions as to every issue of the case. The time honored rule of practice is observed: 'An exception to an excerpt from a charge because of incompleteness of statement of a particular legal proposition is not good when the incompleteness is supplied in appropriate context by the general charge.' " *Geter v. State,* 219 Ga. 125, 134 (2) (132 SE2d 30) (1963); *Rucker v. State,* 135 Ga. App. 468, 474 (218 SE2d 146) (1975).

3. Dunn's third assignment is that the court by its instruction eliminated the motivation of self-defense and was "clearly a prejudicial instruction to the jury." The charge complained of is substantially that recommended by the Committee on Pattern Jury Instructions of the Council of Superior Court Judges, and we find no error.

4. There was no error, as charged by Dunn, by the trial court's allowing an agent of the Georgia Bureau of Investigation to testify: "Then at that time, I asked him another question. He stated that he wanted his attorney present, and didn't want to answer any further questions." This did not amount to a comment by the witness of Dunn's election to exercise his right to remain silent. The agent's statement was that he had interrogated the accused, that the latter told him certain things, and thereafter the accused terminated the conversation, which amounted to no more than an explanation of the course of conduct of the agent. Furthermore, counsel for Dunn offered no objection to this statement by the GBI agent. When error is asserted and no objection has been made at the trial, it cannot be made the basis of appellate review. *Pulliam v. State,* 236 Ga. 460, 465 (224 SE2d 8) (1976).

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

SUBMITTED MARCH 6, 1978 — DECIDED APRIL 6, 1978.

*Joe W. Rowland,* for appellant.

*H. Reginald Thompson, District Attorney, Charles W. Cook, Assistant District Attorney,* for appellee.

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*