## 57436. HUFFMAN v. THE STATE.

WEBB, Presiding Judge.

Huffman and Dennis Kennedy were observed by police parked on Beachview Drive, St. Simons Island, in front of the old County Casino between 2:30 a.m. and 3 a.m. The next night Huffman was again seen parked in the same area at about the same time. He appeared to be talking on a CB radio and two people, one of whom was carrying a walkie-talkie radio, were observed walking from the casino toward the car in which Huffman was sitting. Huffman's car was stopped and police saw in plain view on the floorboard a walkie-talkie radio and two pairs of gloves. A pistol and another walkie-talkie were then found in the glove compartment. Huffman consented to letting the officers look in the trunk where bolt cutters and a pinch bar were found. Upon checking the grounds of the casino a padlock was discovered which had been cut and removed from a back door. It was established by expert testimony that the bolt cutters found in the trunk of Huffman's car were the same used to cut the padlock.

When questioned Huffman stated that he and two others had gone to St. Simons Island with the intent of burglarizing the casino. He was tried and convicted of criminal attempt to commit burglary and possession of burglary tools, and appeals from the denial of his motion for new trial. We affirm.

1. Huffman insists that the court's charge on conspiracy failed to give the jury a standard of legal proof in that the judge used the language "if you are legally satisfied" and "to the satisfaction of the jury." His argument is based upon cases involving a "slight evidence" instruction, however, which are inapposite here. The court fully charged on reasonable doubt and presumption of innocence, and when viewed as a whole sufficiently established the state's burden of proof. *Dunn v. State,* 145 Ga. App. 612 (2) (244 SE2d 127) (1978).

2. As Huffman acknowledges in his brief, the same array of Glynn County grand jurors challenged here was upheld in *Hudson v. State,* 240 Ga. 70 (1) (239 SE2d 330) (1977). No other evidence having been offered in support of this challenge, we are bound by that decision.

3. Assertions that the consent to search was not valid because consent was given after an illegal arrest are without merit because no arrest occurred here. The momentary detention of Huffman's car was "an intrusion short of arrest" where the officer had "specific and articulable facts" to provoke a "reasonable and founded suspicion." See *Radowick v. State,* 145 Ga. App. 231 (1) (244 SE2d 346) (1978) and cases cited; *State v. High,* 145 Ga. App. 772, 773 (2) (244 SE2d 888) (1978).

*Judgment affirmed. Banke and Underwood, JJ., concur.*

Submitted March 6, 1979 — Decided March 13, 1979— Rehearing denied March 26, 1979 —

*Randall M. Clark,* for appellant.

*W. Glenn Thomas, Jr., District Attorney, E. Jerrell Ramsey, Amanda F. Williams, Assistant District Attorneys,* for appellee.