## 61501. BLACKMAN v. THE STATE.

BIRDSONG, Judge.

James Blackman was convicted of violation of the Georgia Controlled Substances Act (possession and sale of marijuana). Following denial of his motion for new trial, he appeals. *Held:*

1. The appellant first alleges the trial judge erred in denying a new trial based on the assistant district attorney's cross examination of the defendant concerning a witness who did not testify.

The appellant testified on direct examination that he was entrapped and he had never sold marijuana before and had only acted as a "conduit" on April 5, 1979. On cross examination, the assistant district attorney asked the defendant if the "pusher" could testify that the appellant did not get any money for the marijuana. After the appellant replied in the affirmative, the assistant district attorney asked why the "pusher" had not been subpoenaed. Appellant's counsel objected to the question.

While a prosecutor may not comment on a *defendant's* failure to testify, it is not error or improper for the prosecutor to reflect upon the failure of the defense to present evidence to rebut proof adduced by the state, and an inquiry upon the defendant's failure to produce a witness is not error. *Battle v. State,* 155 Ga. App. 541 (271 SE2d 679).

2. When appellant's counsel objected to the prosecutor's question, supra, the trial judge said: "This witness may or may not know why a witness — a particular witness, isn't here, or is here, *I don't know how he would know."* (Emphasis supplied.)

The trial court could not have been more noncommittal and certainly he did not indicate that the defendant "has the evidence in his power and within his reach." Code Ann. § 38-119. Additionally, the appellant did not object to the trial court's statement: "Appellate courts exist to review asserted error but where the defendant made no objection or obtained a ruling of the trial court, it cannot be made the basis of appellate review as there is no ruling to review. *Pulliam v. State,* 236 Ga. 460, 465 (224 SE2d 8)." *Paschal v. State,* 139 Ga. App. 842 (229 SE2d 795).

3. In his final enumeration, the appellant alleges the trial judge charged the jury erroneously on the law of entrapment, thus misleading and confusing the jury relative to the law of entrapment and the burden of proof thereon.

We must look at the charge as a whole. The trial court charged the jury on the defense of entrapment substantially in accord with appellant's request, and further that "the state has the burden of proving beyond a reasonable doubt that the defendant was not entrapped." This gave the defendant a greater benefit than he was entitled to have. *State v. McNeill,* 234 Ga. 696 (217 SE2d 281). The charge was legally correct and sufficiently clear to be understood by jurors of ordinary capacity and understanding and that is all that is required. *Rucker v. State,* 135 Ga. App. 468 (218 SE2d 146).

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED MAY 5, 1981.

*William Jerry Westbrook, Thomas J. Espy, Jr.,* for appellant.
*David L. Lomenick, District Attorney, Ralph L. Van Pelt, Jr., Assistant District Attorney,* for appellee.