## 61871. SMITH et al. v. THE STATE.

SHULMAN, Presiding Judge.

Appellants, mother and son, were convicted of two counts of theft by receiving stolen property. On appeal, they raise three issues, contending that the evidence does not show two separate criminal transactions, that the trial court's charge on conspiracy was inadequate, and that the trial court erred in denying their motion to suppress. We find no merit in any of appellants' arguments and affirm.

1. Relying on *Hardin v. State,* 141 Ga. App. 115 (4) (232 SE2d 631), appellants contend that the evidence failed to show two separate occasions on which they received stolen property. The record does not support that contention. There was evidence that the thief with whom appellants dealt brought stolen goods to appellants on several occasions and that the particular items named in the two

counts of the indictment came to appellants on two separate occasions. Therefore, the evidence showed two crimes and *Hardin, supra,* does not apply to this case.

2. The state relied in part on a conspiracy theory at trial. Appellants argue that the jury instruction on that theory was defective because the trial court failed to charge that the state had the burden of proving the conspiracy beyond a reasonable doubt. This issue is controlled adversely to appellants by *Huffman v. State,* 149 Ga. App. 464 (1) (254 SE2d 489). In this case, as in that one, "[t]he court fully charged on reasonable doubt and presumption of innocence, and when viewed as a whole sufficiently established the state's burden of proof. [Cit.]" Id., p. 465.

3. Appellants have attempted to raise five issues concerning the denial of their motion to suppress. However, only one of those theories was presented to the trial court prior to trial. The other four theories present nothing for review in this court. *Tyler v. State,* 147 Ga. App. 394 (2) (249 SE2d 109).

The only ground for suppression properly before this court involves the scope of the search pursuant to a warrant. The stolen goods here involved were taken in the search of a building which had a business and a residence under one roof but without a connecting doorway. Appellants contend that the warrant was for the business only and that evidence discovered in the search of the residence was illegally seized, tainting the whole search and requiring the suppression of all the evidence seized. We disagree.

There was evidence that, contrary to appellants' assertions, there was only one street number affixed to the building which housed both the business and the residence. That street number was the one mentioned in the search warrant and in the affidavit on which it was based. The evidence warrants a finding that the search was conducted within the scope of the warrant. " '[T]he trial court's decision on questions of fact and credibility at a suppression hearing must be accepted unless clearly erroneous. [Cits.]' " *Williams v. State,* 151 Ga. App. 833, 834 (261 SE2d 720). None of the grounds presented for overturning the trial court's denial of appellants' motion to suppress is meritorious.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED JULY 6, 1981 —
REHEARING DENIED JULY 21, 1981

*Edward T. M. Garland, Steven H. Sadow, Joseph Beeler,* for appellants.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Charles R.*

*Hadaway, A. Thomas Jones, Benjamin H. Oehlert III, Assistant District Attorneys,* for appellee.