## 38265. WATKINS v. THE STATE.

MARSHALL, Justice.

Tony L. Watkins was convicted of the armed robbery and murder of Milton Dixon, and sentenced to life imprisonment. His sole enumerated error is that the evidence does not support the verdict. Evidence was adduced at the trial as follows:

Alton Lee, Jr., lived with his father, victim Milton Dixon, in Atlanta. On the night of December 20, 1980, Lee's girl friend, Deborah Sasnett, and Dixon's girl friend, Sheila Webb, were visiting at Dixon's apartment. During the evening, Lee left for a short period and returned home between 9:00 and 9:13 p.m. As Lee approached the front door, the appellant and an unnamed man came up behind Lee, threatened him with a shotgun and a .25 automatic pistol, and ordered Lee to open the door.

Inside the apartment, the appellant told Lee to lie down on the living room floor while the appellant's partner placed handcuffs on Lee. During this time, Sasnett was sitting in the living room, and Dixon and Webb were watching television in Dixon's bedroom. The appellant asked Lee, "Where is the stuff at?", referring to money, and

threatened to kill him if he did not tell. The appellant's partner held a gun on Lee while the appellant moved toward Dixon's bedroom.

Webb testified that she and Dixon heard noises in the living room. Dixon got his gun, opened the door, and, upon seeing the two armed men, fired once, hitting the appellant's partner in the hip. The appellant swung around and fatally shot Dixon in the abdomen. Dixon fell beside his bed. The appellant again asked for money, and threatened Lee.

The appellant kicked Dixon's body over, and took his gun, a brown bag allegedly containing marijuana and cocaine, and money from Dixon's pockets. The perpetrators then left the apartment.

Webb testified that the appellant came to the apartment at approximately 9:15 p.m. and left at approximately 9:30 or 9:35 p.m. Atlanta police officer M. Dixon testified that he received a call to the shooting at approximately 9:45 p.m. and arrived shortly afterwards, following officer Frank James. Officer James testified that he arrived after officer Dixon at approximately 9:50 p.m. It was officer James' opinion, based on the number of persons outside the apartment when he arrived, that the crime had occurred 35 to 40 minutes prior to his arrival, although he could not state specifically when the shooting occurred. Lee testified that the police arrived 15 minutes after the shooting.

Police found Dixon lying in the bedroom and Lee on the floor, handcuffed. A forearm of a shotgun was found in the hallway. Bedroom furniture was overturned, and blood was found on the side of the bed.

The witnesses gave police similar descriptions of the appellant, as wearing an army field jacket, blue jeans and hat, and as being black, short and having facial hair. Descriptions of the appellant's partner were also given. Additionally, Lee, Webb and Sasnett identified photographs of the appellant as being the assailant.

Dr. Saleh Zaki testified that Dixon died at approximately 11:20 p.m. on December 20, 1980, as a result of a shotgun wound to the abdomen. The shotgun wadding found in the body indicated that the shot was fired within three to five feet of the victim.

As a result of the investigation, police arrested the appellant and Vincent Pryor on December 31, 1980, as they left the apartment of Virginia Green. The appellant was carrying a loaded .25 automatic pistol and Pryor was carrying a .357 Magnum revolver, which he testified belonged to the appellant. Pryor was later released.

Two employees at Gordon Road Exxon Station testified that the appellant brought his car in for mechanical work in late December 1980. Although they were not sure of the date, they testified that it was sometime before Christmas. They testified that a mechanic

worked on the appellant's car until 9:00 p.m. or shortly thereafter, at which time the appellant left. One station employee testified that the appellant paid for the work by credit card; however, the station owner testified that he could not find a record of the receipt, which listed the date of repair.

Sheila Crowder testified that she met the appellant at the service station on the evening of December 20, 1980, when she took her car in for repair. She did not know what time the appellant left the station.

Green testified that she and Dixon had previously dated. In late November 1980, Dixon and Webb went to Green's apartment to pick up a package. The appellant, who was dating Green at that time, was in a back room. According to Green, a disagreement took place between her and Dixon, and Dixon hit her in the head and fired a shot into the sofa, not intending to hit anyone. Following this incident, the appellant stated to Green that if "he had his weapon it might have been a little different." Webb testified that she did not see Dixon hit Green on the head.

At the trial, the appellant denied any knowledge or participation in Dixon's shooting. He testified that he was at Green's apartment in November 1980 when Dixon hit Green in the head and fired a shot into the sofa. He denied that he wanted to get revenge against Dixon for that incident. He testified that on December 20 he had repair work done on his car at the Exxon Station and left there "about 9:30 or 10:30" p.m. He testified that, following the incident in November, he borrowed .25 automatic and .357 Magnum guns from a friend, "For protection for one thing."

Three eyewitnesses to the crime — who were in the same room with the appellant, had ample opportunity to see him, and later recognized his photograph — identified the appellant as the man who fatally shot Milton Dixon. The appellant contends that the witnesses are not credible because their descriptions of him varied slightly and they were successfully impeached by prior inconsistent statements. Interestingly, he relies on conflicts in the testimony of witness Webb to discredit her, then attempts to discredit witnesses Lee and Sasnett because their testimony differs from that of witness Webb. Issues regarding credibility of witnesses must be resolved solely by the jury. *Young v. State,* 232 Ga. 176 (205 SE2d 307) (1974). In this instance, the jury obviously chose to believe the state's witnesses.

We have studied the record in this case and conclude, after reviewing the evidence in the light most favorable to the jury's verdict, that a rational trier of fact could have found the defendant guilty of armed robbery and murder beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979);

*Alexander v. State,* 247 Ga. 780 (1) (279 SE2d 691) (1981).
*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 9, 1982.

*Vernon S. Pitts, Jr.,* for appellant.
*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III,
Assistant District Attorney, Michael J. Bowers, Attorney General,
Virginia H. Jeffries,* for appellee.