## 65483. COULTER v. THE STATE.

Pope, Judge.

On November 9, 1981 appellant was tried before a jury and convicted of two counts of armed robbery and two counts of aggravated assault. His motion for new trial was denied on October 1, 1982.

1. As his first enumeration of error, appellant raises the general grounds. After reviewing the evidence of record in the light most favorable to the jury's verdict, we conclude that any rational trier of fact could have found the appellant guilty of all counts of armed robbery and aggravated assault beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); see *Watkins v. State,* 249 Ga. 3 (287 SE2d 24) (1982); *Hurt v. State,* 158 Ga. App. 722 (282 SE2d 192) (1981).

2. Appellant next contends that the trial court erred "to the substantial prejudice of the appellant" in the charge to the jury. Argument presented on this point is vague and sketchy and comes perilously close to lacking specificity sufficient to be addressed by this court. See generally *Pitts v. State,* 197 Ga. 317 (2) (28 SE2d 864) (1944); *Jackson v. State,* 181 Ga. 753 (1) (184 SE 279) (1936). Although his brief contains no reference to any inclusion or omission upon which his assertion of resulting prejudice is based, appellant apparently contends that the charge was fatally defective in the area of criminal intent and the state's burden of proof regarding such intent. We disagree. "The court fully charged on reasonable doubt and presumption of innocence, and when viewed as a whole sufficiently established the state's burden of proof." *Huffman v. State,* 149 Ga. App. 464, 465 (254 SE2d 489) (1979); *Smith v. State,* 159 Ga. App. 349 (2) (283 SE2d 324) (1981).

The trial court further charged on voluntary intoxication and insanity, and such instructions were supported by the evidence of record. "A trial court's charge to the jury must be read as a whole in determining whether the charge contained error." *Wood v. State,* 243 Ga. 273, 274 (253 SE2d 751) (1979); *Ellison v. State,* 158 Ga. App. 419 (2) (280 SE2d 371) (1981). Although not a model of erudition, "[t]he

charge was legally correct and sufficiently clear to be understood by jurors of ordinary capacity and understanding and that is all that is required." *Blackman v. State,* 158 Ga. App. 463, 464 (280 SE2d 872) (1981).

3. For the foregoing reasons, the trial court's denial of appellant's motion for new trial was not error.

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED APRIL 11, 1983.

*Robert S. Lanier, Jr.,* for appellant.

*J. Lane Johnston, District Attorney, N. Jackson Cotney, Jr., Assistant District Attorney,* for appellee.